LIZZIE HULBERT v. NEW NONPAREIL COMPANY, Appellant.

**Libel:** MITIGATION: *Evidence.* Where a reporter, in writing up the proceedings in a seduction case, based his article on information received over the telephone, and on a note the justice left on the reporter's desk, and through mistake published the name and address of an innocent party as the complaining witness, the justice's docket was properly excluded when offered by defendant, in mitigation of damages for libel, since neither the reporter nor the publisher saw the docket prior to the publication.

EXEMPLARY DAMAGES: *Jury question.* The question of exemplary damages was properly submitted to the jury, since it was their province to say whether the action of the defendant showed such a want of care as to constitute malice.

DAMAGES: *Jury question.* Where plaintiff's name and address were published as that of the complaining witness in a seduction case, in an article reporting the proceedings, which were in fact brought by another party, thereby falsely imputing want of chastity to plaintiff, an instruction that the law presumes damage and legal malice in such a case, and the verdict should be for the plaintiff, and the only question for the jury to determine was the amount of such damages, was proper, since the publication was both actionable and false.

REPORTING JUDICIAL PROCEEDINGS: *Privilege.*   Where a reporter, without seeing the justice's docket, in writing up the proceedings in a seduction case, published that plaintiff was the complaining witness, an instruction that such publication was not privileged because it reported a judicial proceeding was proper, since the reporter identified plaintiff as the complaining witness at his peril, when the record showed it was another party.

PLEADING: *Settlement and satisfaction.*   Where in an article reporting a seduction case, the name and address of plaintiff were given, through mistake, as those of the complaining witness, and on the following day the paper published an explanation, evidence that the correction was satisfactory to plaintiff was properly excluded, even without objection made, as it was immaterial on the question of damages; neither settlement nor satisfaction' being pleaded.

*Appeal from Pottawattamie District Court.*—HON. W. R. GREEN, Judge.

SATURDAY, MAY 19, 1900.

PLAINTIFF brings this action to recover damages for an alleged wrongful, wicked, malicious, unlawful, reckless, and careless publication in the *Nonpareil* (a daily newspaper) of the following concerning her, which, she charges, is false and defamatory: "Charged with Seduction. Frank D. Shaffer, the liveryman on North Main street, was arrested yesterday afternoon on an information filed in Justice Vien's court by Lizzie Hulbert, a dressmaker residing at No. 728 First Avenue, charging him with seduction. According to Miss Hulbert's complaint, Shaffer accomplished her ruin, under promise of marriage, about the 1st of April last. She also accuses him of being the father of her child, which is dead. Shaffer gave bonds in the sum of three hundred dollars, and by consent of both parties the hearing of the case was set for Wednesday, November 18th, at 2 p. m." The defendant answered, admitting the publication, and alleging certain facts in justification and in mitigation of damages. The jury found specially that

the plaintiff is not entitled to exemplary damages, and returned a verdict in her favor for two hundred and fifty dollars. Judgment was rendered on the verdict and the defendant appeals.—*Affirmed.*

*Mayne & Hazelton* and *Frank H. Gaynor* for appellant.

*Harl & McCabe* and *N. A. Crawford* for appellee.

GIVEN, J.—I.   There is but little, if any, controversy as to the facts, which are, in substance, as follows:   On and prior to the eleventh day of November, 1896, the plaintiff, an unmarried woman, resided at No. 628 First avenue in the city of Council Bluffs and was engaged in business as a dressmaker.   The New Nonpareil Company is a corporation and was then engaged in the publication of a daily newspaper, of general circulation, called *"The Daily Nonpareil,"* and on said eleventh day of November published the article set out in the petition, under the following circumstances:   On the tenth day of November, 1896, one Lizzie Herbert filed an information before Ovide Vien, a justice of the peace, charging Frank D. Shaffer with having seduced her.   On the eleventh day of November, Frank Froom, a reporter for said paper, was informed that the charge had been made and warrant issued against Shaffer, and as soon as the arrest was made he would be furnished with further particulars.   That evening Justice Vien left a slip of paper on Mr. Froom's desk, "stating that Frank Shaffer, the North Main street liveryman, had been arrested on information charging him with seduction, by Lizzie Hulbert."   Mr. Froom examined the city directory, and found the name and address of the plaintiff, and, understanding that Emmet Tingley was an attorney in the case, asked him by telephone if the complainant was Lizzie Hulbert, the dressmaker, and if it was the

one living at the address given in the directory (naming it). Mr. Tingley answered that he thought it was. Thereupon Froom wrote the article, and it was published. On the fourteenth or fifteenth of November the plaintiff called at the Nonpareil office, and, satisfying those in charge that she was not the complainant against Shaffer, the following was published in the next issue of the *Nonpareil*: "The Shaffer Case: The case against Frank Shaffer, brought by Lizzie Herbert, in which she charges him with seduction, will be heard by Justice Vien next Wednesday. By mistake in the name as originally given in the information, it was stated that the prosecuting witness was Miss Lizzie Hulbert, the dressmaker. An injustice was therefore done the latter unintentionally, the information having been misleading."

II.   Defendant's first complaint is that the court erred in sustaining plaintiff's objection to the entry in the justice's docket in the case against Shaffer offered by the defendant. Plaintiff, in a denial of defendant's abstract, denies that said entry was offered in evidence, and, as this denial stands unquestioned we must accept it as correct. If it was otherwise, there was no error in the ruling, as it appears that neither the writer nor publishers of the article ever saw the docket entry before the publication was made.

III.   The court instructed as follows: "There is no dispute in the case but that the article in question was published by the defendant, and that, in so far as it referred to the plaintiff, it was untrue. The defendant claims that the article was privileged; that is, that it had a right to publish the same, whether true or false, by reason of its being the report of a judicial proceeding. There was, however, nothing in the legal proceedings or in the information furnished by the justice that identified the plaintiff as being the prosecuting witness in the so-called Shaffer case. When, therefore, the defendant did so iden-

tify her in the article in question, it did so at its peril, and, the statements with reference to the plaintiff having turned out to be false, the plea of privilege cannot avail the defendant." The defendant complains that this excluded the claim of privilege. It certainly does, and correctly so, we think, under the undisputed facts of the case. It was the privilege of the defendant to publish the proceedings had before the justice, as shown by the files and docket in the case against Shaffer; but it was not privileged to add thereto, as was done, that which was false, if thereby another was injured. The defendant was not privileged to publish that the complaint was made by "Lizzie Hulbert, a dressmaker residing at No. 728 First avenue," as such was not the fact, and was not so shown in the proceedings before the justice. To publish a libelous 'charge that is false, against another, is never privileged, when the falsehood originates with the publisher, whatever may be the rule when it originates otherwise. There is no error in the instruction.

IV. The court instructed to the effect that words which imputed to a female want of chastity were libelous *per se,* and that, if the statements were false, damage is presumed, and that the article in question contains such an imputation, and, so far as it relates to the plaintiff, is false, and instructed as follows: "You are therefore instructed that the law presumes, in the absence of evidence to the contrary, that plaintiff was damaged in her feelings and her reputation, and that in publishing the article in question the defendant was actuated by legal malice. It follows from this that your verdict in this case must be for the plaintiff, and that the only question for you to determine is the amount of her damage." The defendant quotes and complains of the last sentence, and contends that malice is the gist of the action; that it is for the jury to determine whether the publication was malicious; that,

unless malice is shown, there can be no recovery; and that in this instruction the court usurped the province of the jury. The publication being actionable and false, damage and legal malice are presumed, and in such case the plaintiff is entitled to recovery in some amount. If actual malice is shown, it goes, not to the right to recover, but to the amount of damages, and it is always a question for the jury. We think the instruction is correct.

V. Mr. Bender, business manager of the *Nonpareil,* testified as to the interview with the plaintiff at the time of her visit to the office. He testifies that she said that confusion was likely to arise, and had arisen very frequently, and that she did not wonder that an error had been made, and wished a correction to appear in the paper; that, upon being told the circumstances, he says: "I told her that the correction would be cheerfully made. She said, if such correction were made, it would be perfectly satisfactory to her." The court, without objection being made, struck out the statement as to its being satisfactory, and as to the likelihood of such mistakes occurring. The question then asked the witness to state what was said with reference to the retraction of the article, and with reference to its being satisfactory, to which plaintiff objected as incompetent and immaterial, which objection was sustained. The ruling was correct. Neither settlement nor satisfaction was pleaded. What is alleged as to the correction is not pleaded as a complete defense, but in mitigation of damages. Again, there was no consideration for the alleged satisfaction. It was the duty of the defendant to correct the error. That the correction was made was admitted in evidence on the question of damages, and for that purpose it was immaterial whether or not the plaintiff was satisfied with the correction.

VI. Defendant complains that the court submitted the question of exemplary damages to the jury, and insists that

the jury should have been told that the defendant was not to blame, and that the most plaintiff could ask was her actual damages. While the jury was fully warranted in finding specially, as it did, that plaintiff was not entitled to exemplary damages, yet that was a proper question to be submitted to them. It is not for the court to say whether further inquiry as to the identity of the person complaining against Shaffer should have been made or not. It was for the jury to say whether greater care should have been exercised, and whether there was such a want of care as showed malice. We find no error in either of the respects urged, and the judgment of the district court is therefore AFFIRMED.