EMMA THOMPSON v. A. A. RAKE, Appellant.

**Libel:** PRIVILEGED PUBLICATION: MALICE. In an action for libel actual
1 malice must be shown in connection with a publication which is conditionally privileged, but such malice may be proven by the publication itself, when considered with the facts and circumstances promoting and surrounding the publication.

**Same.** The fact that one has no probable cause for believing the
2 truth of a publication tends to show actual malice and will warrant that conclusion.

**Same:** INSTRUCTION. Where it is not claimed that a publication is
3 absolutely privileged but it is conceded to be so conditionally, and the jury is required to find actual malice, the truth of the charge not being pleaded, an instruction that the publication is a libel unless privileged is proper.

**Same:** EXEMPLARY DAMAGES. Where there is evidence tending to
4 show actual damage and malice an instruction authorizing the finding of exemplary damages, providing actual damages are found, is proper.

Malice: EVIDENCE. The unwarranted statement in an application for the appointment of a guardian, that the person for whom the appointment is sought is an habitual drunkard, is sufficient evidence of malice in publishing the statement to take the case to the jury.

*Appeal from Winnebago District Court.*—HON. CLIFFORD P. SMITH, Judge.

FRIDAY, NOVEMBER 20, 1908.

SUIT to recover damages for libel. There was a verdict and judgment for the plaintiff for $25, and the defendant appeals.—*Affirmed*

*Oliver Gordon* and *G. H. Belsheim,* for appellant.

*L. A. Jensen,* for appellee.

SHERWIN, J.—The appellant instituted proceedings for the appointment of a guardian for the plaintiff, and verified a petition in said proceedings charging her with being an habitual drunkard. A temporary guardian of her property was thereupon appointed, but the case was soon thereafter dismissed by the plaintiff therein, and the temporary guardian was discharged. This suit is to recover damages for the publication of the charge that the plaintiff herein was at the time an habitual drunkard.

The trial court charged the jury that the publication was conditionally privileged, and that the burden of proof was upon the plaintiff to show actual malice in the publication. The appellant complains of an instruction which directed the jury that, if the defendant made and made public the statement that the plaintiff was an habitual drunkard without malice, he was not liable, even if he had no probable

1. LIBEL: privileged publication: malice.

cause for believing it to be true; and then said: "The fact that he did so would tend to prove that he was actuated by malice, and that fact alone would warrant the conclusion, but would not necessarily require the conclusion, that he was actuated by malice when he made and made public the statement that the plaintiff was an habitual drunkard." The appellant's exact contention is that the record fails to disclose any extrinsic malice, and that there is no intrinsic malice apparent in the publication itself. We have held in numerous cases that, while actual malice must be shown by the plaintiff, where the publication is conditionally privileged, such malice may be proven by the publication itself when considered in connection with the facts and circumstances prompting and surrounding the publication. *Morse v. Printing Co.,* 124 Iowa, 707; *Cherry v. Des Moines Leader,* 114 Iowa, 298; *Nichols v. Eaton,* 110 Iowa, 509.

In cases where it is sought to prove malice by the publication itself, the real question is: Did the defendant honestly believe what he said? And whether he did or not depends upon the facts and circumstances disclosed by the evidence. If the facts, as they appeared to the defendant's mind at the time of the publication, warranted the statement made by him, the jury would necessarily be bound to find that he had acted honestly. But, on the other hand, if he did not honestly believe the facts published to be true, no claim of privilege would be a protection to him. A man who knowingly makes a false charge can not take advantage of a privilege, and, if he had no reasonable cause for believing the statement to be true, it would amount in legal contemplation to a wanton statement or a statement made without knowing or caring whether it was true or malicious, and such recklessness and disregard of the rights of others is considered in law as malicious as deliberate falsehood. The instruction under consideration,

2. SAME.

when properly analyzed, did no more in our judgment than to announce to the jury in somewhat different language the principle we have just referred to. The jury was therein told in effect that, if the defendant had no probable cause for believing the publication to be true, that fact would tend to prove that he was actuated by malice, and would warrant the conclusion that there was malice in the publication.

The appellant also complains of a part of instruction two given by the court. The court therein stated that the statement made and published by the defendant that the

**3. SAME:** *instruction.* plaintiff was an habitual ·drunkard was a libel, unless it was privileged. There was no error in the instruction. It is not claimed that the publication was absolutely privileged, but it was conceded on all hands that the publication was conditionally privileged, and the court so instructed; and the jury was then further told, as we have heretofore said, that the plaintiff could not recover unless there was actual malice, whether the defendant had reasonable cause for believing the matter to be true or not. Furthermore, the truth of the charge was not pleaded, and hence there was no issue of that kind on which the court was required to instruct.

The appellant also complains because the instructions authorized the jury to find exemplary damages in case actual damage was found. There was no error in this.

**4. SAME:** *exemplary damages.* There was evidence tending to show actual damage and tending to show malice, and the jury was therefore properly directed on the subject of exemplary damages.

The appellant finally contends that there was not sufficient evidence of malice to take the case to the jury; but with this contention we find ourselves unable to agree.

**5. MALICE:** *evidence.* It is quite conclusively shown that the facts relied upon by the defendant in making his charge that the plaintiff was an habitual drunkard did not

warrant that conclusion; in other words, in making the accusation that she was an habitual drunkard, he went way beyond what the facts known to him at the time warranted, and this the jury was authorized to consider in determining the question of malice in connection with the language of the publication itself.

We reach the conclusion that there is no error in the record, and that the judgment should be *affirmed*.