HENRY J. PATRY, Appellant, *vs.* THE CHICAGO AND WESTERN INDIANA RAILROAD COMPANY, Appellee.

*Opinion filed October 16, 1914—Rehearing denied Dec. 4, 1914.*

1. RAILROADS—*when Federal Employers' Liability act does not apply.* Under the decision of the Supreme Court of the United States in *Illinois Central Railroad Co.* v. *Behrens,* 233 U. S. 473, the provisions of the Federal Employers' Liability act are limited to injuries occurring while the particular service in which the employee was engaged was a part of inter-State commerce.

2. PRACTICE—*when request for a peremptory instruction presents a question of law.* A request for a peremptory instruction to direct a verdict for the defendant railroad company as to counts of the declaration relying upon the Federal Employers' Liability act presents a question of law, where there are no disputed facts in the evidence on that question and no room for two conclusions from the evidence, under the law as laid down by the Supreme Court of the United States.

3. SAME—*when right to assign error on refusal of peremptory instruction is not waived.* The right of a defendant to assign error on the ruling of the trial court refusing a peremptory instruction is not waived by the defendant subsequently requesting an instruction based upon the view of the law taken by the court.

4. SAME—*limit on authority of the Appellate Court to make a finding of facts.* The authority of the Appellate Court to make a finding of facts is limited to cases where it finds the facts wholly or in part different from the finding of the trial court.

5. SAME—*when Appellate Court has no authority to find that the plaintiff was guilty of contributory negligence.* Where there are counts charging a violation of the Federal Employers' Liability act and a count charging common law negligence, but in addition to the general verdict of guilty there is a special finding that the plaintiff and the defendant at the time of the accident were engaged in inter-State commerce, such finding precludes any liability under the common law count, but the Appellate Court, on reversing the judgment because it finds that the parties were not engaged in inter-State commerce, cannot make a finding that the plaintiff was guilty of contributory negligence and make such finding the basis of a final judgment in that court.

6. SAME—*what is not a finding by the jury that plaintiff was negligent.* Where the court assumes in a special interrogatory that the plaintiff was guilty of contributory negligence and asks

the jury how much should be deducted on that account from the damages sustained, which interrogatory is answered, "$5000," the answer so made cannot be regarded as a finding by the jury that the plaintiff was guilty of contributory negligence.

APPEAL from the Branch "B" Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. MAZZINI SLUSSER, Judge, presiding.

JAMES C. McSHANE, for appellant.

C. G. AUSTIN, and BEVERLY W. HOWE, (W. S. KIES, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The appellant, Henry J. Patry, a switchman in the employ of the Chicago and Western Indiana Railroad Company, sued that company for injuries sustained by a collision of cars in the Dearborn station, in Chicago, and recovered a judgment for $12,000, which Branch "B" of the Appellate Court for the First District reversed, with a finding of facts rendering final judgment against the appellant. A certificate of importance and an appeal to this court were allowed.

The case was submitted to the jury upon four original counts, each charging that both the plaintiff and the defendant were engaged in inter-State commerce at the time of the accident and claiming a liability under the Federal Employers' Liability act, and two additional counts claiming a liability at common law. It is not necessary to state the facts at length. They may be found in the opinion of the Appellate Court. (185 Ill. App. 361.) Since the filing of that opinion the Supreme Court of the United States has decided, in the case of *Illinois Central Railroad Co.* v. *Behrens,* 233 U. S. 473, that the provisions of the Federal Employers' Liability act are limited to injuries occurring

while the particular service in which the employee was engaged was a part of inter-State commerce. It is conceded that the particular service in which the plaintiff was engaged at the time of his injury was not inter-State commerce within this decision, and therefore no liability existed under that act. It is, however, contended by the appellant that the question whether or not the appellant and the appellee were engaged in inter-State commerce was not subject to review in the Appellate Court either as a question of fact or a question of law,—not as a question of fact, because the jury, in answer to special interrogatories, found that the appellant and the appellee were engaged in inter-State commerce at the time of the accident, and the appellee did not move to set aside these findings in its motion for a new trial or otherwise, and therefore is bound by them; not as a question of law, because the legal question whether there was any evidence tending to show that the appellant and the appellee were engaged in inter-State commerce was not saved by the refusal of a peremptory instruction as to each count, for the reason that such peremptory instructions were not asked before but either with or after the general instructions submitting the question as one of fact, and for the further reason that there was one common law count which the evidence tended to prove. Disregarding the question as one of fact, there were no disputed facts in the evidence as to this question and no room for two conclusions from those facts under the law as declared in *Illinois Central Railroad Co.* v. *Behrens, supra.* The request for the instruction, therefore, raised the question as one of law, unless for some reason outside the instruction itself the court was justified in refusing it.

It appears from the bill of exceptions that after the introduction of all the evidence the jury were excused, the court and counsel retired to the judge's chambers, the court requested counsel to let him have their motions, and some statements were made in regard to motions made at the

close of plaintiff's case. Then the court instructed counsel on each side to exchange instructions for the purpose of examination during the noon hour and to return them to the court with such advice and criticism as they desired to make, and thereupon copies of the appellant's instructions were given to the appellee and copies of the appellee's instructions to the appellant for perusal during the noon hour. When the court met at two o'clock these instructions were returned to the respective counsel. Thereupon the appellee, by its counsel, moved for an instruction to find the defendant not guilty, severally, as to each count of the declaration, accompanying each motion with a written instruction. These motions were all denied and the rulings were excepted to. A number of special interrogatories were then asked and allowed. Some of the argument of counsel is then set out in the bill of exceptions, which then proceeds: "And thereupon, before argument of counsel to the jury and before tendering any other instruction to the court, which were afterward tendered to the court and refused and given, as hereinafter set forth, plaintiff tendered to the court and requested the court to give to the jury" certain instructions. The court refused two and modified and gave one. "And thereupon, at the same place and time but after the argument of counsel to the jury," the court gave to the jury, at the request of the plaintiff, certain instructions and at the request of the defendant certain instructions.

From this record it is apparent that when the evidence closed, counsel on either side had their instructions prepared for submission to the court and at the court's suggestion exchanged them for mutual examination during the noon hour but they were not then submitted to the court for his consideration. When court met, each party received his own instructions from the other but they were not then submitted to the court. Counsel for the appellant presented first his written instruction for a verdict as to each count, and counsel for appellee then presented his preliminary in-

structions. Afterward the court, at the request of the respective parties, gave their instructions in the case generally. The question as to whether there was any legal evidence to sustain the claim that the parties were engaged in inter-State commerce was thus preserved as a question of law.

It is argued for the appellant that prior to the decision of *Illinois Central Railroad, Co.* v. *Behrens, supra,* the test in deciding whether a particular act or service of a railroad was within the Employers' Liability act was whether such act had a real and substantial relation to or connection with such commerce and not whether the particular act or service itself was actually a part of inter-State commerce; that the parties both adopted this test and theory on the trial; and that the appellee having tried the case on this theory can not now abandon it. The appellee asked, and the court gave, an instruction based on this theory, and this is now cited as showing its adoption of such theory. The asking of this instruction did not, however, under the circumstances, commit the appellee irrevocably to that view of the law. Its counsel had asked the court, in accordance with their view of the law, to instruct the jury to return a verdict for it because the evidence showed that it and the appellant were not engaged in inter-State commerce. Having preserved an exception to the refusal of this instruction, the appellee had a right to request an instruction based on the view of the law taken by the court without waiving thereby the ruling on the instruction or the right to assign error on its refusal. *North Chicago Electric Railway Co.* v. *Peuser,* 190 Ill. 67.

It is argued on behalf of the appellant that if the judgment could not be sustained under the Employers' Liability act the Appellate Court should have remanded the cause for a new trial on the common law counts. Since the court properly held there was no liability under the Employers' Liability act as a matter of law, the judgment would properly be reversed, so far as that issue was concerned, with-

out remandment. The Appellate Court has no authority to make.a finding of facts unless it finds the facts in whole or in part different from the finding of the trial court. (*Treat* v. *Merchants' Life Ass'n,* 198 Ill. 431.) The verdict apparently was based upon the Employers' Liability act, for the jury found, in answer to special interrogatories, that both the appellant and the appellee were at the time of the accident engaged in inter-State commerce. This finding precluded any liability under the common law counts, and the other findings of fact in answer to the special interrogatories are not such that the judgment of the jury as to whether the appellant was guilty of contributory negligence or not can be ascertained. There was a general verdict of guilty. If this referred to the common law counts, alone, it implied a finding that the appellant was not guilty of contributory negligence, but if it referred to the inter-State commerce counts it did not. There is a finding that it was the appellant's duty to look out for signals to transmit them to the engineer, but no finding that he was guilty of negligence which contributed to his injury. The following interrogatories were answered as indicated:

"What sum is the whole amount of damages sustained by the plaintiff by reason of the injuries sustained by him?—$20,000."

"What sum, if any, should be deducted from the damages sustained by the plaintiff as the proportion or just share thereof attributable to the negligence of the plaintiff?—$5000."

This is supposed by counsel for the appellee to indicate a finding of contributory negligence by the jury, but no such inference can be drawn from it. The second interrogatory does not submit the question of contributory negligence. It assumes it, and, assuming it, asks how much should be deducted on account of it. The jury did not say that the plaintiff was guilty of negligence for which any sum should be deducted, though they did deduct $5000,

the verdict being for $15,000. This interrogatory should not have been submitted to the jury. The jury were not asked to, and did not, express any judgment as to the fact of contributory negligence. The court having assumed, in submitting the interrogatory, that there was contributory negligence, the jury apparently acted on that assumption without any finding in regard to it. Since it cannot be ascertained from the record that there was any finding by the jury on the question of contributory negligence, the Appellate Court had no power to make the finding which it did make, that the appellant was guilty of contributory negligence, and make such finding the basis of a final judgment in the Appellate Court, since a finding on that question, as the case was considered by the jury, was not essential to the judgment of the trial court.

The judgments of the Appellate Court and of the circuit court will be reversed and the cause remanded to the circuit court for a new trial. *Reversed and remanded.*