# PENNSYLVANIA RAILROAD COMPANY *v.* MITCHELL COAL & COKE COMPANY.

## ERROR TO THE SUPREME COURT OF THE STATE OF PENNSYLVANIA.

No. 287.   Argued May 14, 1915.—Decided June 14, 1915.

There being nothing in the record to show that any of the shipments involved in this case, in which the state court gave a judgment against the carrier for damages for discrimination in secret allowance of rebates to other shippers of like goods under the state law, were interstate shipments, and the court having found that all the shipments were intrastate, the judgment is affirmed.

241 Pa. St. 536, affirmed.

THE facts, which involve the validity of a judgment recovered in the state court by a shipper of coal for damages sustained through unlawful discrimination by the carrier in allowing and paying rebates to other shippers, are stated in the opinion.

*Mr. Francis I. Gowen,* with whom *Mr. F. D. McKenney* and *Mr. John G. Johnson* were on the brief, for plaintiff in error:

The judgment below should be reversed.   See *Louisiana R. R. Comm.* v. *Tex. & Pac. Ry.,* 229 U. S. 336; *Mitchell*

*Coal Co.* v. *Penna. R. R.*, 230 U. S. 247; *Ohio R. R. Comm.* v. *Worthington*, 225 U. S. 101; *Penna. R. R.* v. *International Coal Co.*, 230 U. S. 184; *Tex. & N. O. R. R.* v. *Sabine Tram Co.*, 227 U. S. 111; *Union Stockyards Case*, 226 U. S. 286.

*Mr. Joseph Gilfillan*, with whom *Mr. George S. Graham* was on the brief, for defendant in error.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

This writ of error brings under review a judgment recovered by a shipper of coal for damages sustained through unlawful discrimination consisting in the secret allowance and payment of rebates to other shippers for whom the carrier was rendering a like and contemporaneous service. 241 Pa. St. 536. The action was brought and the judgment rendered under the law of the State and the complaint now made is that damages were awarded in respect of several shipments which were not intrastate but destined to points outside the State and as to which no recovery could be had in this action consistently with the Interstate Commerce Act. See *Mitchell Coal and Coke Co.* v. *Pennsylvania R. R.*, 230 U. S. 247. The plaintiff's statement of claim described the shipments as intrastate, that is, as made from one point to another in the State, and up to the time that the referee came to compute the damages it does not appear to have been questioned that all the shipments were of that class. A stipulation was then entered into specifying the number of tons shipped by the plaintiff during each of several periods and describing the shipments as made from the plaintiff's mines in Pennsylvania "to points within the State," but appended to the stipulation was a note wherein the defendant insisted that according to the evidence part of the shipments—those to Greenwich, Pennsylvania, "included coal

destined to points beyond the State" and that no recovery
could be had in this action in respect of interstate ship-
ments, and also a note on the part of the plaintiff con-
troverting what was asserted in the defendant's note.
The referee concluded that the shipments were all intra-
state, and, while recognizing that some of the coal "might
have been" re-shipped from Greenwich to places outside
the State, said: "The plaintiff might have sold the coal
at that place.  To have moved the coal from Greenwich a
new contract for carriage would have been necessary."
The referee's conclusion was sustained by the trial court
and by the Supreme Court of the State, the latter saying:
"The shipments to Greenwich, Philadelphia, were intra-
state, and hence were properly included in this action.
They were consigned to plaintiff at Greenwich and there
the contract of carriage between the plaintiff and the
defendant was fully performed and ended.  What dis-
position the plaintiff made of the shipments at Greenwich,
whether it sold them or sent them within or beyond the
State is immaterial as affecting the question whether as be-
tween the plaintiff and the defendant they were intrastate
or interstate."

We find nothing in the record to sustain the contention
that some of the shipments were interstate.  While it
appears that part of the coal was shipped from the mines
to Greenwich, that the plaintiff there turned some of it
over to other coal dealers, sold some of it outright and
possibly re-shipped some to other places, it does not appear
that any of it went out of the State, or, if it did, that the
circumstances were such that its carriage from the mines
to Greenwich was in fact but part of an intended and con-
nected transportation beyond the State.  See *Gulf, Col. &
Santa Fe Ry.* v. *Texas,* 204 U. S. 403; *Ohio R. R. Commission*
v. *Worthington,* 225 U. S. 101; *Texas & New Orleans R. R.*
v. *Sabine Tram Co.,* 227 U. S. 111; *Louisiana R. R. Com-
mission* v. *Tex. & Pac. Ry.,* 229 U. S. 336.  The record

does not purport to contain all the evidence bearing upon this point, but it does show that in some of the exhibits the shipments included in the recovery were all listed and designated as "Coal—Intrastate." In this situation the conclusion reached by the state courts cannot be disturbed.

*Judgment affirmed.*