# Neal Godby, Appellee, v. Bluford Wilson et al., Appellants.

## Gen. No. 6,300.

1. COMMERCE, § 4*—*what constitutes interstate.* Where certain railroad ties were shipped from outside the State to a railroad at a point within the State, in care of its agent there for tie distribution, and on his direction were shipped from there to another point in the State on the same bill of lading indorsed for shipment to that place in care of the railroad's section foreman there, *held* that the jury were warranted in finding that the ties were in interstate commerce when unloaded at the latter point.

2. COMMERCE, § 4*—*what are matters within Federal Employers' Liability Act.* The repair of the main track of an interstate railroad and bringing materials to the place of repair for that purpose, *held* to be matters coming within the Federal Employers' Liability Act.

3. MASTER AND SERVANT, § 830*—*when presumed jury made proper reduction in damages on account of contributory negligence in action under Federal Employers' Liability Act.* Under the Federal Employers' Liability Act, a plaintiff's contributory negligence does not bar recovery, but should be considered by the jury in mitigation of damages, and it will be presumed they made a proper deduction in the amount of damages where a case was tried on that theory and they were instructed on the subject and found the plaintiff guilty of such negligence.

Appeal from the Circuit Court of Peoria county; the Hon. CLYDE E. STONE, Judge, presiding. Heard in this court at the April term, 1916. Affirmed. Opinion filed October 12, 1916.

STEVENS, MILLER & ELLIOTT, for appellants; PHILIP BARTON WARREN and HENRY L. CHILD, of counsel.

DAILEY & MILLER and ROBERT N. McCORMICK, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

In 1915, and for several years before that time, the Chicago, Peoria & St. Louis Railroad was operated by receivers. On May 1, 1915, Neal Godby, a section hand under said receivers at Pekin, Illinois, while assisting in unloading a carload of railroad ties, had his hand severely injured and was thereby permanently disabled from performing any manual labor requiring the use of both hands. He sued the receivers to recover damages for said injuries and filed a declaration in which he alleged the injury, and that he and the receivers were then engaged in interstate commerce; that he was injured by the negligence of another servant of said receivers; and that the receivers were liable in damages to him under the Federal Employers' Liability Act. There was a plea of the general issue and a jury trial, and Godby had a verdict and a judgment for $2,500, from which the defendants appeal. Their main contentions are that at the time in question neither appellee nor appellants were engaged in interstate commerce, and that the injury to appellee was not caused by any negligence of any other servant of appellants, and that it was caused by appellee's negligence.

The railroad in question conducts a freight and passenger business between Pekin, Illinois, and St. Louis, Missouri, and is therefore engaged in interstate commerce. The car in question was known as T. P. & W. 1887. The ties with which it was loaded were purchased by the receivers in Missouri and elsewhere, outside of the State of Illinois, and were shipped from St. Louis to the receivers at East St. Louis in care of one E. E. Barrow, who was the agent of the receivers for the distribution of ties which it purchased. As soon as the car reached East St. Louis, instructions were asked of him and he directed it to be sent to Pekin in care of Dyson, who was the foreman of the section crew to which appellee belonged. Appellants

contend that the interstate shipment ended at East St. Louis. Appellee contends that it ended at Pekin.

The question when a particular transaction is to be considered as occurring in interstate commerce and governed by the federal act, and when in intrastate commerce and governed by the laws of the State, has been the subject of much difference of opinion in the courts of the different States and in the United States Circuit Courts of Appeals. The Supreme Court of the United States is the final arbiter of this question, and much light has been thrown upon it by the decisions of that court in *Gulf, C. & S. F. Ry. Co. v. Texas,* 204 U. S. 403; *Second Employers' Liability Cases,* 223 U. S. 19 [1 N. C. C. A. 875]; *Pedersen v. Delaware, L. & W. R. Co.,* 229 U. S. 146 [3 N. C. C. A. 779]; *North Carolina R. Co. v. Zachary,* 232 U. S. 248 [9 N. C. C. A. 109]; *Chicago, M. & St. P. Ry. Co. v. Iowa,* 233 U. S. 334; *Illinois Cent. R. Co. v. Behrens,* 233 U. S. 473 [10 N. C. C. A. 153]; *Pennsylvania R. Co. v. Mitchell Coal & Coke Co.,* 238 U. S. 251. Some of the same questions have been discussed in this State in *Patry v. Chicago & W. I. R. Co.,* 265 Ill. 310; *Devine v. Chicago, R. I. & P. Ry. Co.,* 266 Ill. 248; and *Staley v. Illinois Cent. R. Co.,* 268 Ill. 356. We discussed one of the questions here involved in *Mattocks v. Chicago & A. Ry. Co.,* 187 Ill. App. 529. The general subject is discussed in Roberts on Injuries to Interstate Employees on Railroads, in chapters 3 and 4. We think it unnecessary to set out in detail the special facts of each of these cases and the application of the law to them by the courts. It is clear that if this car had been unloaded at East St. Louis the interstate shipment would have been at an end; and that if the original shipment had been to Pekin, Godby and the receivers would each have been engaged in interstate commerce in unloading this car. We are of opinion that the jury could fairly find from all the evidence that this carload of ties was purchased by the receivers, not for use at East St. Louis, but for

use at some other place on its line in repairing its main track. The original bill of lading was to receivers, care of Barrow, the officer who had charge of the distribution of such ties, and with the intention that Barrow should designate the point to which they should be sent. Accordingly the original bill of lading was amended in red ink instead of preparing a new bill, and by the amendment the car was to go to Pekin in care of Dyson, the section foreman. We therefore conclude the jury might fairly find that this was a continuation of the original interstate shipment. There is another ground under which the case may be brought under the federal act. The proof shows that there are two classes of ties, first and second. Second-class ties are purchased and used to repair switch tracks, while first-class ties are purchased and used for the repair of the main track. This car was loaded with first-class ties and they were designed for the repair of the main track. Complaint is made that the court permitted proof that they were afterwards used in the repair of the main track. We think this proof, if improper, was harmless because we are of the opinion that other proof shows that they were purchased and delivered at Pekin for that purpose. We regard this repair of the main track of an interstate railroad and the bringing of materials to the place of repair for that purpose to be matters coming within the federal act, under authorities above cited. We approve the conclusion reached in the trial court that Godby and the receivers were engaged in interstate commerce in the unloading of this car of ties at Pekin.

The ties were to be piled on a bank a short distance from the railroad car. To assist in this work one end of one tie was placed on the cross brace underneath the car and the other end rested on the ground. When a tie was thrown out of a car, one end of it would fall upon this crosstie. A part of the section crew were in

the car, throwing out ties, and the other part were outside, receiving and piling them. Godby stood next to the crosstie and handled that end of the ties. He had his hand on one tie which had just been thrown out and was just about to move it when another tie was thrown from the car and struck his hand. These ties fell about eight feet. We are of opinion that, under the evidence, it was a fair question for the jury to determine whether the man who threw that particular tie from the inside of the car before the last preceding tie had been removed was negligent in so doing. Under the federal law, the fact that he was a fellow-servant of Godby is immaterial. It is argued that Godby was also guilty of negligence in not keeping out of the way of the second tie. Under the federal act the contributory negligence of the plaintiff, if any, does not bar a recovery, but the jury are required to diminish the damages in proportion to the amount of negligence attributable to the plaintiff. The case was tried on that theory and the jury were instructed on that subject, and if plaintiff was found by the jury guilty of contributory negligence, we must presume that the jury made a proper deduction in the amount of damages.

The rulings of the court upon the instructions, when all considered, seem to be in accord with the rules laid down in the authorities above cited. The judgment is therefore affirmed.

*Affirmed.*