ELIZABETH BALLINGER, Appellee, v. DEMOCRAT COMPANY, Appellant.

FEBRUARY 5, 1929.

*Hollingsworth & Hollingsworth* and *Johnson & Martin*, for appellant.

*B. F. Jones* and *B. A. Dolan*, for appellee.

FAVILLE, J.—I. This is the second time this action has been before this court. *Ballinger v. Democrat Co.*, 203 Iowa 1095. The action was brought to recover damages for the publication of an article in a paper belonging to the appellant, wherein reference was made to a divorce proceeding, and in which it was stated, in effect, that the pleadings in said divorce proceeding charged the appellee with infidelity. A detailed recital of the facts is set forth in the former opinion. In the former appeal, we held that the action constituted a libel *per se*. Upon remand, and prior to retrial, the appellee filed an amendment to her petition, and therein withdrew from said petition "all the allegations of express malice made against the defendant." With this situation in the pleadings, the cause again proceeded to trial. The appellee offered evidence tending to show actual damages resulting to her from the publication of said article. There was no evidence offered by the appellee tending to show that the publication of said article was done with actual or express malice, or wantonly or recklessly. At proper time, the appellant moved the court to withdraw from the consideration of the jury the question of exemplary damages, because there was no allegation in the petition upon which said damages could be predicated, and because there was no evidence proving or tending to prove the existence of express malice, upon which a recovery for exemplary damages could be based. This motion was overruled. The same thought was again expressed by a requested instruction limiting the amount of recovery, if any, to actual damages, which was denied by the court.

The court instructed the jury, in part, as follows:

"Exemplary damages are such damages as may be awarded in excess of the actual loss or injury, in cases where there is malice, evil motive, or oppression, and are sometimes called smart money, or punitive damages."

And also instructed the jury as follows:

"And if you find actual damages, as above set out, then you are authorized to give to the plaintiff, in addition to the actual damages so found, such exemplary damages as you think just and proper."

And another instruction contains the following:

"You are to determine, from all the facts and circumstances disclosed by the evidence in the case, what damages ought to be given her, and you may allow her some reasonable amount by way of exemplary damages, which the law allows in this class of cases, by way of punishment to the defendant, provided the jury, under the facts and circumstances proved, find it proper to allow exemplary damages."

The record discloses a situation where the appellee brought action to recover damages for the publication of an article that was a libel *per se*. Any claim of express malice in the publication of the article was withdrawn from the pleadings. No proof of any express or actual malice was offered in behalf of the appellee. In this state of the record, over the motion, objections, and requested instructions of the appellant, the court instructed the jury that exemplary damages might be awarded to the appellee. It is unnecessary that we enter into an extended discussion of the question of "implied malice" and actual or express malice, as used in the law of libel. As has been well said, "the word 'malice' is the bugbear of the law of libel." In *Ullrich v. New York Press Co.*, 23 Misc. Rep. 168 (50 N. Y. Supp. 788, 791), it is said:

"The jumble in some modern textbooks on slander and libel concerning malice, actual malice, malice in law, malice in fact, implied malice, and express malice (all derived from judicial utterances, it is true), is a striking testimony of the limitations of the human mind."

We have recognized the rule in this state that, where a publication is libelous *per se*, malice is implied; or, as the expression is sometimes used, "malice in law" is an essential ingredient of a libel *per se*. It may be true that such implied malice is a fiction of the law, but it is too firmly planted in the

nomenclature of judicial opinions to be now uprooted. There is an interesting and exhaustive discussion of the question in *Davis v. Hearst*, 160 Cal. 143 (116 Pac. 530).

It is well established that at least *nominal* damages are presumed to result from the publication of a libel *per se*. Whether *actual* damages, in addition to nominal damages, have resulted from the publication of a libel *per se* depends upon the proof in the case, and the award of such damages is to be determined by the jury, under the facts and circumstances shown in the trial.

The matter of the award of *exemplary* damages in actions growing out of a libel *per se* presents an altogether different matter. Confusion arises in the cases because of the somewhat loose and common expressions to the effect that a libel *per se* implies malice, and that, where malice exists, exemplary damages may be recovered. Such statements, however, fail to distinguish between the so-called implied malice that, as a legal fiction, exists in every case of libel *per se*, and the express or actual malice that may also exist where there is evidence tending to show that the act was done willfully, wantonly, recklessly, with an intent to injure, or in such manner that it can be said to have been done with express malice.

It is the well established and the logical rule that, where there is no claim by a plaintiff that the publication even of a libel *per se* was done with express malice, exemplary damages should not be allowed. The very purpose of exemplary damages is inconsistent with a failure to claim or prove express or intentional malice. Exemplary damages are frequently referred to as punitive, or as "smart money." They are not compensatory. While it is true that they may be awarded to a plaintiff, they are in the nature of a punishment to the defendant for his malicious, willful, and wrongful act. How can it consistently be said that such punitive damages can be awarded in a case where there is neither allegation nor proof of any express malice? The very basis of an award for exemplary damages must be express malice in the publication of the article. This is an entirely different thing from the so-called implied malice, which the law raises or implies, or, as some authorities state it, creates as a fiction, in every instance of libel *per se*. The rule is well established that, even though the action is predicated upon an article that is libelous *per se*, where there is neither allegation nor proof of

any express malice, exemplary damages cannot be awarded, and the question of exemplary damages should not be submitted to the jury. *Plecker v. Knottnerus*, 201 Iowa 550; *Cain v. Osler*, 168 Iowa 59; *Thompson v. Rake*, 140 Iowa 232; *Andreas v. Hinson*, 157 Iowa 43; *Hulbert v. New Nonpareil Co.*, 111 Iowa 490; *Templeton v. Graves*, 59 Wis. 95 (17 N. W. 672); *Eviston v. Cramer*, 57 Wis. 570 (15 N. W. 760); *Houston Chronicle Pub. Co. v. McDavid* (Tex. Civ. App.), 173 S. W. 467; *Gaines v. Belding*, 56 Ark. 100 (19 S. W. 236); *Republican Pub. Co. v. Conroy*, 5 Colo. App. 262 (38 Pac. 423); *Todd v. Every Evening Printing Co.*, 6 Penn. (Del.) 233 (66 Atl. 97); *Newman v. Stein*, 75 Mich. 402 (42 N. W. 956); 37 Corpus Juris 125, Section 586. See, also, Section 11216, Code of 1927.

II. The appellee contends that the appellant cannot now urge the error in submitting the question of exemplary damages to the jury, because, in a requested instruction, the appellant  defined nominal damage, actual damage, and exemplary damage. The request, however, was made, not as a request that the court submit the question of exemplary damages to the jury, but after the court had expressly refused to withdraw the question of exemplary damages, and had refused the appellant's request for an instruction withdrawing exemplary damages, and had excluded the appellant's evidence bearing on the question of express or actual malice. It was not waiver of the error in these rulings. The court had clearly defined its position in the matter, and thereupon the appellant requested the court to give the jury a correct definition of exemplary damages, the court having already ruled, over appellant's objection, that that question would be submitted to the jury. This was not a waiver of the rulings previously made.

Upon the record, the court erred in submitting to the jury the question of exemplary damages. The form of the verdict is such that we cannot possibly determine how much, if anything, the jury awarded the appellee as exemplary damages. It therefore follows that the judgment of the district court must be, and it is,—*Reversed.*

ALBERT, C. J., and EVANS, KINDIG, and WAGNER, JJ., concur.