**CENTRAL STEEL TUBE CO. v. HERZOG.**

No. 14601.

United States Court of Appeals
Eighth Circuit.

April 17, 1953.

Rehearing Denied May 18, 1953.

See also, D.C., 98 F.Supp. 607.

·P. B. Holleran and Prentice W. Shaw, Clinton, Iowa (Holleran & Holleran, Clinton, Iowa, and F. J. MacLaughlin, Davenport, Iowa, on the brief), for appellant.

Robert J. Sheran, Mankato, Minn. (Lane & Waterman, Davenport, Iowa, Arnold W. Beneke, Glencoe, Minn., and Gallagher, Farrish & Sheran, Mankato, Minn., on the brief), for appellee.

Before GARDNER, Chief Judge, and THOMAS and COLLET, Circuit Judges.

GARDNER, Chief Judge.

This appeal is from a judgment in favor of appellee in an action brought to recover damages for personal injuries. The injuries are alleged to have been the result of negligence of appellant in packing for shipment a grain swather manufactured by appellant and delivered by it to the Farmers Supply Company at Glencoe, Minnesota. The parties will be referred to as they were designated in the trial court.

It was the claim of plaintiff that the machine in question was manufactured by defendant and was assembled for shipment and delivery in such a manner that certain levers thereon, to which were attached very strong springs, were wired down so that the said springs were at a very high tension and that the said levers were thus wired and held in place by such wiring, and that the defendant knew that persons engaged in assembling the said machine for the purpose of use or demonstration would have to free the said levers by cutting the wires retaining them and that the springs were in effect a trap in the nature of a spring gun which would probably result in injury to the person cutting the wire in the process of assembling the said machine; that plaintiff as an employee of said Farmers Supply Company was directed by his employer to prepare the swather in question for delivery to the ultimate consumer and to assemble it and that in the process of so doing he came into a position near the said levers for the purpose of cutting the wire and that as he did so the tension on such springs was released causing one of said levers to strike him on the head resulting in serious personal injuries.

The defendant admitted the jurisdictional allegations of the complaint, denied negligence and pleaded as an affirmative defense contributory negligence on behalf of the plaintiff.

The accident which resulted in this injury occurred in Minnesota on June 3, 1949. The defendant is a corporation with its principal place of business in the State of Iowa and the action was brought in the State of Iowa. At the time of receiving his injuries plaintiff was employed by the Farmers Supply Company. A swather is used in connection with cutting grain. It is attached to a tractor by which it is propelled. It has two levers, each of which is about four feet in length, to which is attached a coil spring fastening it to a horizontal bar. These levers are used in connection with raising and lowering the cutting part of the machine. As the basis of plaintiff's claim is not any defect in the manufacture of the machine we do not deem it important to give a detailed description of the mechanism. The claim is that the negligence of the defendant consisted of the manner in which the machine was prepared for shipment. When it was delivered wire was wrapped around the front of the hitch and over the top of the levers which had been placed in a downward position. There were no cards, signs, caution signs, nor instructions attached to the machine. The levers were in a drawndown position so as to come into contact with the bars at the bottom of the machine. Plaintiff cut this wire, releasing the levers, one of which flew up to a perpendicular position striking him with great force and inflicting injuries upon him. The evidence will be further developed during the course of this opinion.

The case was tried to a jury and at the close of all the testimony defendant moved for a directed verdict which was denied and the case was submitted to the jury on instructions to which defendant saved certain exceptions. The jury returned a verdict in favor of plaintiff on which in due time judgment was entered from which defendant prosecutes this appeal. In seeking reversal it contends in substance: (1) the court erred in overruling defendant's mo-

tion for a directed verdict; (2) the court erred in giving instruction No. 9, advising the jury that the burden of proving contributory negligence rested on the defendant.

In our consideration of the question of the alleged error of the court in denying defendant's motion for a directed verdict we are met with the contention of plaintiff that the defendant is bound by certain instructions of the court to which it took no exceptions on the theory that unexcepted to instructions become the law of the case. When the motion for directed verdict was interposed, no instructions had, of course, been given to the jury and we are of the view that defendant was entitled to have the question of the sufficiency of the evidence to go to the jury determined by the applicable law without reference to the instructions subsequently given by the court even though such instructions may not have been excepted to by defendant. If under the applicable law the court was in error in denying defendant's motion for a directed verdict it was an error at law occurring during the trial of the action and reviewable as such. Slocum v. New York Life Ins. Co., 228 U.S. 364, 33 S.Ct. 523, 57 L.Ed. 879; Spring Garden Ins. Co. of Philadelphia v. Wood, 4 Cir., 194 F. 669; Schmidt v. Carpenter, 27 S.D. 412, 131 N. W. 723; A. T. & S. F. Ry. Co. v. Meyers, 7 Cir., 76 F. 443; Patry v. Chicago & W. I. R. Co., 265 Ill. 310, 106 N.E. 843; White v. Rintoul, 108 N.Y. 222, 15 N.E. 318; Johnson v. City of Dennison, 186 Iowa 949, 173 N.W. 46; Ballinger v. Democrat Co., 207 Iowa 576, 223 N.W. 375. Under the Constitution, federal courts may not review in law actions the facts as determined by the lower court but may only consider issues of law. The ruling on the motion for a directed verdict presents therefore an alleged error at law occurring during the trial. There would seem to be no more reason for applying the law as declared in the instructions in considering the ruling on motion for a directed verdict than in considering the ruling of the court on the admissibility of evidence. In each case the error, if any, is an error at law occurring during the trial.

In support of its contention that the court should have directed a verdict in its favor, defendant invokes the general rule that a contractor, manufacturer, or vendor is not liable to third parties who have no contractual relations with the manufacturer for negligence in the manufacture or sale of the product. The rule, however, has exceptions which are as well established and recognized as the rule itself. One of these is that an act of negligence of a manufacturer or vendor of an article, which is imminently dangerous to the life or health of mankind, which is committed in the preparation or sale of the article is actionable by third parties who suffer from such negligence. In this connection it should be observed that the complaint here is not that the manufacturer was negligent in the construction of the machine, but rather that in the matter of packing the machine, it was negligently converted into an article imminently dangerous to life and health. In the Restatement of the law of Torts, § 398, Chapter 14, page 1080, the following paragraph illustrating the text appears:

"The A electrical company sells and ships a machine to the B company, so packed as to be dangerous to those that unpack it. In consequence C, an employee of the B company, is hurt while unpacking the machine. The A company is liable to C even though his employer, the B company, was also negligent toward him in failing to inspect the machine and container before turning it over to C for unpacking."

See, also: Rosebrock v. General Electric Co., 236 N.Y. 227, 140 N.E. 571; Schubert v. J. R. Clark Co., 49 Minn. 331, 51 N.W. 1103, 15 L.R.A. 818.

In considering the question of the sufficiency of the evidence to entitle the plaintiff to have it submitted to the jury, we must view the evidence in a light most favorable to plaintiff and we must assume as proved all facts favorable to the plaintiff which the evidence reasonably tended to prove. If when so considered the evidence is such that reasonable men might reach different conclusions, the motion should be overruled and the case submitted to the jury.

It appears from the physical facts and the undisputed testimony that in packing this machine for transportation the levers were pulled down from a perpendicular to a horizontal position and that one of them at least was pulled down clear past the last notch in the quadrant so that the latch normally fitting into the notch did not hold it, and the lever was then wired so that it was held in position only by the wiring; that in so placing the lever the tension of the spring which was attached thereto was greatly increased and when the wire was cut by the plaintiff the lever flew up into a perpendicular position with tremendous force. We think the jury was clearly warranted in finding that defendant was negligent in the matter of packing this machine. The danger might easily have been avoided by detaching the springs or by seeing that the lever was held by the notch in the quadrant. In this connection it is to be noted that no warning of any kind as to the hidden danger was given either to the plaintiff or to the Farmers Supply Company. As thus packed, defendant sent out an article in the nature of a spring-gun. Bearing on the manner in which the accident happened, the proprietor of the Farmers Supply Company testified inter alia, with reference to an experiment made by him, as follows:

"I did let go of the lever to see what would happen and found that when I did so, it flew up again to an extreme upright position with a force sufficient to bounce the entire machine off the ground * * *. I pulled the lever clear down and then released the latch and when the lever started upward, it was going so fast that you could not see it and it would go over these notches so fast that the latch couldn't drop in. To pull the lever down required about all the strength an average man would have * * *."

Another witness testified:

"When I released it the lever snapped right up without catching."

There was other evidence to the same effect.

Defendant included in its motion for a directed verdict a charge that the plaintiff was guilty of contributory negligence and also a charge that plaintiff had failed to prove himself free from contributory negligence. Plaintiff's evidence was to the effect that there were no cards, signs, caution signs, nor anything similar and no instructions were attached to the machine when received. In this connection he testified:

"I had never assembled a grain swather before June 3, 1949. * * * Before that time I had not seen a Clinton grain swather, and I had not noticed this machine. * * * Neither Mr. Downer nor any other person gave me any instructions about how to assemble the swather in question, nor did I receive any advice, suggestions, warnings or cautions about assembling it. * * Mr. Downer did not tell me anything about the machine I was to assemble. When he told me to do the work, I assumed that the windrower was completely disassembled, like the rest of the machinery that we received. * * Prior to June 3rd, 1949, there was nothing in my experience which would have given me any reason to believe or suspect that if you severed wire holding such a unit as the hitch and control levers to a quadrant of a swather that one of the lever arms would spring up."

An employee of the defendant who had had considerable experience with grain swathers of the type in question testified:

"I knew that the springs were under tension but I never thought of the levers flying up."

Another employee of defendant with similar experience testified:

"There was an element of danger there and the wire was used as a precaution. No warnings or precautionary signs accompanied the units."

Mr. Downer, testifying for plaintiff, on recross-examination said:

"It is not a fact that the condition of those handles was apparent to anyone with two eyes."

548

Further bearing upon the question of plaintiff's alleged contributory negligence we quote the following from his testimony:

"Generally speaking, the machinery shipped to us was 'knocked down' or disassembled. Some parts of the machinery, such as levers, brackets, springs, etc., might be tied in bundles and wired or tied on some part of the machine, so that the parts would not be lost or fall apart from the machine. * * *. The procedure we followed when about to commence assembling farm equipment was to examine and read the diagram of the machine. Usually, the first thing that would be done was to cut open the bundles to get your stuff lined up so you could pick up this piece and that, wherever it belongs. * * * The way I always handle machinery it came in a bundle. * * * I assumed the windrower was completely disassembled, like the rest of the machinery that we received."

■ On this phase of the case we conclude that there was no error in the refusal of the court to direct a verdict in favor of the defendant on any of the grounds urged. So far as the charge of contributory negligence is concerned we are of the view that the plaintiff proved that he was not guilty of contributory negligence and we think the undisputed evidence conclusively proved the absence of contributory negligence on his part.

It is next urged that plaintiff's injuries were not the proximate result of defendant's negligence. The question of proximate cause is ordinarily one for the jury and under the evidence already referred to we are of the view that this contention of defendant is wholly without merit.

■ It is finally urged that the court was in error in instructing the jury that the burden of proving the alleged contributory negligence of the plaintiff was upon the defendant. Contributory negligence was pleaded as an affirmative defense as required by Rule 8(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. The cause of action arose in the State of Minnesota but was tried in the State of Iowa. Under the laws of Iowa it is incumbent upon a plaintiff in a tort action to plead and prove his freedom from contributory negligence. Decatur v. Simpson, 115 Iowa 348, 88 N.W. 839; Spooner v. Wisecup, 227 Iowa 768, 288 N.W. 894; Fort Dodge Hotel Co. v. Bartelt, 8 Cir., 119 F.2d 253. In the State of Minnesota, however, the burden of proving contributory negligence in such an action is upon the defendant who pleads it. In a cause of action arising in Iowa the rule requiring plaintiff to prove his freedom from contributory negligence as a part of his cause of action is substantive law and hence, under the rule announced in Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, is binding on the federal court in a cause of action arising in that state. Where, however, the prevailing rule in the state where the cause of action arises makes it incumbent upon the defendant to plead and prove contributory negligence, the law is procedural and is not governed by the rule announced in Erie Railroad Co. v. Tompkins, supra. Generally speaking at least, procedure in federal courts is governed by the Federal Rules of Civil Procedure. Rule 8(c) provides as follows:

"In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation."

As the defense pleaded was an affirmative defense the burden of proving it should rest upon him who pleads it and it is our view that where, as in the instant case, the question is one of procedure the burden of proving contributory negligence rested on the defendant. In 1 Moore, Fed.Practice, §§ 8,

10, 3 id. § 43.02, the author in referring to Rule 8(c) of the Federal Rules of Civil Procedure says that the rule restates the old federal rule that the burden of proving contributory negligence is upon the defendant. In view of the record in this case, however, we prefer to base our decision on the fact that under the undisputed evidence plaintiff conclusively proved that he was not guilty of contributory negligence. In this state of the record the court was not required to submit that issue to the jury. That being true, if, for the sake of argument, it be conceded that the court erred in placing the burden of proving contributory negligence upon the defendant, the error, if any, was clearly without prejudice.

We conclude that the court committed no reversible error in the trial of this action and the judgment appealed from is therefore affirmed.