## ARMSTRONG v. PIERSON.

It is not true, as a general proposition, that in slander, the character of the plaintiff can never be considered, until the jury come to the question of giving vindictive or exemplary damages.

Where in an action of slander, the court, after stating the different kinds of damages, instructed the jury as follows: "That compensatory damages are given, where the words were spoken without malice, but under circumstances which show a want of caution, and a proper respect for the rights of the plaintiff. Compensatory damages are such as will pay the plaintiff for his expenses and trouble in carrying on the suit, and disproving the slanderous words;" and where the court afterwards in-

Armstrong v. Pierson.

structed the jury, "that the character of the plaintiff can never be considered, until the jury come to the question of giving vindictive or exemplary damages;" *Held*, That the latter instruction, taken in connection with the definition of compensatory damages, given by the court, was not erroneous.

A party cannot complain of an instruction which, even if erroneous, worked him no prejudice.

*Appeal from the Des Moines District Court.*

MONDAY, APRIL 4.

SLANDER. The speaking of the words is denied; and, among other things, it is set up in the answer that plaintiff's character was not injured by the alleged speaking. Evidence was introduced tending to show that plaintiff was a man of bad general character. The court instructed the jury, " that the character of the plaintiff can never be considered, until the jury come to the question of giving vindictive or exemplary damages, which are always given as a punishment on the defendant." Judgment for plaintiff, and defendant appeals, assigning the giving of this instruction for error.

*Starr & Phelps* and *Robertson*, and *M. D. Browning*, for the appellant.

*C. Ben Darwin*, for the appellee.

WRIGHT, C. J.—The objection made is not to the concluding part of the instruction; or the words, "which are always given as a punishment on the defendant." The argument is directed, alone, to the proposition that plaintiff's character was not to be taken into the account by the jury, until they come to consider whether he was entitled to vindictive or exemplary damages. In other words, it is said that the jury were told that plaintiff might be entitled to nominal and compensatory damages; and that, in giving compensation, good or bad character was to have no weight. As a general proposition, we are of the opinion, that the rule laid down by the court below, is incorrect. If by compensa-

Armstrong v. Pierson.

tion is meant recompense, or satisfaction to the plaintiff for an injury actually received by him from the defendant—if the object in giving such damages is to compensate the plaintiff for his loss, and to make him whole as he was before the infliction of the injury—then it would seem to be plain, that if his character was bad, he would have less to lose, and less compensation would suffice to make him whole, than if he had a good and untarnished character. 2 Greenl. Ev., secs. 253, 424; *Stone* v. *Varney*, 7 Met., 86; 2 Stark. Ev., 369; *Wolcott* v. *Hale*, 6 Mass., 514.

This instruction, however, must be examined in connection with the others; for, as we have frequently had occasion to remark, the correctness or incorrectness of a particular instruction, depends almost entirely upon the circumstances of each case; and that, therefore, what would be law under one state of facts, would be error, because inapplicable, under another. And thus examined, it was not erroneous; or, if so, it works no prejudice to defendant. The jury were told that there were three kinds of damages: 1. Nominal. 2. Compensatory; and 3. Aggravated, or vindicatory. The circumstances under which nominal damages would be proper, are stated; and it is then said, that "compensatory damages are given where the words were spoken without malice, but under circumstances which show a want of caution, and a proper respect for the rights of the plaintiff. Compensatory damages are such as will pay the plaintiff for his expense and trouble in carrying on the suit, and disproving the words." The jury had been before told that they must find that the words were spoken as charged—that if they so found, they were actionable *per se;* and the instructions now under examination, with others, were given to guide them in estimating the damages.

Now, the bad character of plaintiff is no bar to his right to recover; it only goes in, what is termed, mitigation of damages. The law, as well as sound morality, dictates that the plaintiff, whose character is bad, corrupt, and bankrupt, should recover less than he who is pure and spotless. If any

man, however, is charged with the commission of a particular offense, the law gives him the right, whatever his character, to appeal to the tribunals of the country for compensation, and, (in the language of the court below), "to disprove the words charged." If the words are true, and justification is pleaded, he may recover nothing. If bad character is relied upon, and the words were false, and spoken without any just or rightful occasion, then character, however bad, will not defeat the action entirely, but may lessen the amount of recovery. The trouble and expense of carrying on an action, and to disprove the truth of the words, are the same to the man of bad character, as to the one of good name and fame; and if compensatory damages means, alone, recompense for this trouble and expense, then the jury would have nothing to do with character, in estimating such damages. No one has a right, with impunity, to falsely, and with a bad motive, charge the worst character with the commission of a specific offense. If he does so, he should be held, at least, to recompense the party so falsely charged, to the extent of his trouble and expense, in removing or disproving the unjust accusation. And this, as defined by the court below, is what is meant by compensatory damages. Upon this definition, the jury are presumed to have acted. And thus understood, there was no error in the instruction.

We have suggested, also, that the instruction, if erroneous, worked no prejudice to defendant, and he cannot therefore complain. This, we demonstrate thus: The instruction in effect informs the jury, that they would consider the good or bad character of plaintiff, if they concluded to give him more than compensatory damages. The verdict was $2,800, an amount so large as to show that they did award more than what were styled compensatory damages. Under such circumstances, they were informed to take into consideration the character of plaintiff. We are bound to presume that they did their duty in this respect, and found, notwithstanding the testimony in relation to his character, that plaintiff was still entitled to the amount returned.

Judgment affirmed.