## FANNY NEWMAN v. GUSTAVE STEIN.

*Action for slander—Evidence—Damages—Malice.*

1. In an action for slander, the burden is upon the plaintiff to prove the utterance of the slanderous words *substantially* as charged in the declaration, but this rule does not exclude proof of the balance of the conversation.[1]

    So *held*, where the words spoken imputed a want of chastity to the plaintiff, and were claimed by defendant to have been spoken of and concerning her sister in an altercation with plaintiff and her mother.[1]

2. The jury in a slander suit may consider in mitigation of damages evidence showing that the plaintiff provoked the defendant to utter the words charged as slanderous.

3. In actions for slander, where the words are not actionable *per se*, the plaintiff must allege and prove that he has sustained some damages of a *pecuniary* nature, but, if actionable in themselves, no *special* damages need be alleged or proved, and the jury may give such damages as shall compensate the plaintiff for the wrong and injury done, the amount depending upon the circumstances of each case.

4. Under an allegation, in a declaration for slander, "that the said plaintiff is greatly injured in her good name, fame, credit, and reputation," punitive or exemplary damages[2] may be awarded, if *express* or *wanton* malice is shown, and in case of *actual malice the jury may always* give such damages.[3]

Error to Kalamazoo.    (Buck, J.)    Argued April 19, 1889.
Decided June 21, 1889.

---

[1] See *Brown v. Barnes*, 39 Mich. 212, 213, where the declaration alleged that defendant had charged plaintiff, in conversations referred to, with larceny and perjury, and there was testimony of the various forms of the charge, and in some instances with additional particulars, and it was held no variance unless in some way repugnant or changing the same.

[2] See *Ross v. Leggett*, 61 Mich. 445 (head-note 3), for definition of this kind of damages.

[3] See Act No. 229, Laws of 1889, as to damages in actions for libel.

Case for slander. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Hampden Kelsey*, for appellant.

*Howard & Roos*, for defendant.

LONG, J. Plaintiff recovered six cents damages in an action on the case for slander against the defendant in the Kalamazoo circuit court, and brings the case to this Court by writ of error.

It appears that the plaintiff, who is 25 years of age, and a single woman, lived with her mother, Mrs. Newman, and a little nephew, on an adjoining lot to the defendant in the city of Kalamazoo.

The defendant is a married man, his wife and several children constituting his household.

On July 10, 1887, some difficulty arose between the two families during the absence of the defendant. On his return in the evening he found his daughters in tears, and then learned from his family that the plaintiff, in an altercation about the children, who were playing on the sidewalk, had called his wife and daughter some vile names, when he at once stepped out of his door and to the fence between the two places, and called to the plaintiff, who, with her mother, went out to the fence, where the defendant was standing. Here it is claimed by the plaintiff the defendant applied to her several vile and opprobrious epithets, imputing to her a want of chastity, in the presence and hearing of a large number of people.

On the trial the defendant did not attempt to justify the speaking of the words, either by his plea or in his testimony, and there is no dispute in the record but that the character of the plaintiff is above reproach.

The defense set up was that the plaintiff had only a short time previous, and on the same day, applied several names to

the wife and daughter of defendant imputing to them a want of chastity; that this grew out of a quarrel with the children, in which the little nephew of the plaintiff was involved; that defendant, coming home, and learning of the transaction, and while angry from its repetition to him by his family, went out and called the attention of the plaintiff and her mother to what had been told him by his family.

It is claimed by the defendant that the plaintiff did not deny the charges made by him, but reiterated the statements; and that, when he spoke the words imputed to him by plaintiff, he did not speak them of and concerning the plaintiff, but that all the words spoken by him had reference to a sister of the plaintiff, the mother of the plaintiff's little nephew, who was not present there.

Upon the issue so made the court submitted the case to the jury, instructing them, among other things, as follows:

"If you are satisfied by a preponderance of evidence in the case, that the language charged in the declaration, or any part of it, was used towards the plaintiff by the defendant, it imputed to her a want of chastity, and the words would be actionable in themselves,   *   *   *   and entitle the plaintiff to recover.   *   *   *   If they were spoken of and concerning plaintiff's sister and not of the plaintiff, then the jury must acquit."

The contention of counsel for the plaintiff is that, while the plaintiff was on the witness stand, being examined as a witness in her own behalf, the court ruled out a portion of her testimony; that this testimony was competent for the purpose of showing that it was the plaintiff to whom the defendant addressed his words, and not of her sister. The plaintiff testified:

"I heard him say if the God damned bitch comes out here I will tell her what she is. He was looking at me when he said that. I stepped out on the porch, and said: 'Mr. Stein, are you talking about me? If you are, anything you say about me I will make you prove.' He said: 'I will, and I can,—every word of it.' Then I stepped out. He called

me over to the fence. He told me to come over to the fence, and he would tell me what I was. I went over to or near the fence. He next said : 'It ain't forgotten what you did at Rome City. The conductor that had you out on the island all day is right here. He will prove it, and so will I.'"

Here the witness was interrupted by defendant's counsel by the claim that this was not under the issue made, and this part of the testimony of the plaintiff was stricken out under such objection, to which counsel for plaintiff excepted.

It appeared that no such charge was made by the declaration, and for that reason the testimony was excluded by the court.

Plaintiff's counsel contends, however, that if he had been permitted to show the whole conversation, and his charge against the plaintiff at Rome City, on the train, and other instances which could have been given, it would have convinced the jury that the plaintiff was the one of whom he spoke the words charged in the declaration, and no other person, as the defendant testified that he had not seen the sister for seven or eight years.

I think that the testimony was competent. The plaintiff should have been permitted to give the whole conversation, and all the words spoken by the defendant to her there. It was a part of the same transaction, and led up to the words charged in the declaration to have been spoken by defendant of and concerning the plaintiff.

The burden was on the plaintiff to prove substantially that the defendant spoke the words as charged in the declaration. This would not, however, exclude other words spoken there in the same conversation. *Brown v. Barnes,* 39 Mich. 211.

These other words would not make out the cause of action, but the whole conversation may properly be given, and in this instance it would have had a tendency at least to contradict the theory and claim of defendant that the words charged in the declaration were not spoken of and concern-

ing the plaintiff. We think the court was in error in excluding this testimony.

Mrs. Clarinda Newman was called as a witness for plaintiff, and testified to what the defendant said about the plaintiff being at Rome City. This the court, at the request of counsel for defendant, also struck out. We think this was error. This testimony was competent, for the reason given as to the testimony of the plaintiff. ·

Claim is also made by counsel for plaintiff that the court was in error in permitting the defendant to testify that he was made angry by what his children said to him in regard to the language used to them by plaintiff, and their mother, and that the court was also in error in its charge to the jury, that, if the plaintiff provoked the defendant to utter the words by language used towards his daughters, they should consider that fact in mitigation of damages. In this there was no error. The law makes allowances for the infirmities of human nature, and for what is done in the heat of passion, produced by the improper conduct of the adverse party. *Ritchie v. Stenius,* 73 Mich. —— (41 N. W. Rep. 689).

Counsel for plaintiff also complains in his brief of the charge of the court on the question of damages. The court instructed the jury:

"This is not a case where exemplary or punitive damages can be given."

This was error.

In actions for slander, where the words are not actionable *per se,* the plaintiff must both allege and prove that by reason of the words he has sustained some damages of a pecuniary nature.

In such actions, where the words are actionable in themselves, no special damages need be alleged or proved, and the jury are warranted in giving such damages as shall compensate the plaintiff for the wrong and injury done. What

amount of damages may be given depends upon the circumstances of each particular case.

Under proper pleadings and proofs the plaintiff may recover damages for all actual loss and injuries sustained, including mental suffering and discomfort arising from the public disgrace and indignity caused by the slander. Field, Dam. § 691.

The allegation and claim of damages in the declaration in the present case is—

"That the said plaintiff is greatly injured in her good name, fame, credit, and reputation."

Under such an allegation the jury would be warranted, if they found the defendant spoke, uttered, or published the words alleged of and concerning the plaintiff, in awarding punitive or exemplary damages, if the facts proved established express and wanton malice.

Where actual malice is shown in an action for slander the jury may always give exemplary damages. *Knight v. Foster,* 39 N. H. 576; *Guard v. Risk,* 11 Ind. 156; *Armstrong v. Pierson,* 8 Iowa, 29; *Daly v. Van Benthuysen,* 3 La. Ann. 69.

We think the court was in error in this part of its charge. The words charged to have been spoken were actionable *per se,* and, if the defendant was actuated by malice, and in a wanton manner intended to charge the plaintiff with being unchaste, then exemplary damages were recoverable. But if the defendant spoke the words in the heat of passion, provoked thereto by what plaintiff had said of his family, and which had been communicated to him as coming from the plaintiff herself, this would be evidence of the want of malice, and the jury should consider it in mitigation of damages.

For the errors pointed out the judgment of the court below must be reversed, with costs, and a new trial ordered.

The other Justices concurred.