GAINES *v*. BELDING.

Opinion delivered April 16, 1892.

1. *Slander—Words actionable* per se.

To charge a person with being a "God damned thief," without words of qualification, is actionable *per se*.

2. *Verdict—When damages not excessive.*

The verdict of a jury in an action of slander will not be set aside for excessive damages unless there be some suspicion of unfair dealing or the case be such as to furnish evidence of prejudice, partiality or corruption on the part of the jury. In this case a verdict of $2500 damages for slanderously calling plaintiff a "God damned thief" is not excessive.

Appeal from Garland Circuit Court.

JAMES B. WOOD, Judge.

*U. M. & G. B. Rose* and *Geo. G. Latta* for appellant.

1. The words were not actionable *per se*, and there is no allegation or proof of special damages. Odgers on Libel and Slander, 60; Towns. on Sl. and Lib. sec. 165. In the connection in which the words were used they amounted to nothing more than an abusive epithet. As illustrating the doctrine, see 1 Viner's Abr. 417; *ib.* 426; *ib.* 443-447, 491, 502, 503, 506; 7 Taunt. 205; 1 Cr. Jac. 65; 4 Eng. L. and Eq. Rep. 451; 2 E. D. Smith, 388; 8 Jones (N. C.) 66; 2 Green (N. J.) Law, 186; 1 Humph. 9; 1 Bailey, 595; 2 N. H. 398; 12 Pick. 100; 16 Pick. 1; 5

How. Pr. 171; S. C. *id.* 99; 7 Black. 117; 1 Johns. Cases, 279; 2 T. B. Mon. 66; 3 H. and J. 38; 60 Iowa, 251; 35 Iowa, 9; 12 Minn. 497; 5 Ill. 30; 15 *id.* 37; 12 Johns. 239; 40 Ind. 506; 48 Md. 494; 88 Ind. 248; 27 Pa. St. 112; 82 N. C. 296; 8 Mo. App. 43.

2. The verdict was grossly excessive.

*G. W. Murphy* for appellee.

1. The words were actionable *per se.* 42 Ind. 387; Cro. Eliz. p. 224; Towns. Sl. and Lib. secs. 165, 169. When one says of another "he is a thief," the law presumes that he intends to impute crime, unless a contrary intent be shown. 5 Ill. 30; 1 Bailey, 595; 2 E. D. Smith, 388; 2 Green (N. J.), Law, 186; 16 Pick.; 21 Pick. 51. In the absence of an accompanying explanation, the words will be presumed to have been used in their natural sense. 48 Barb. 581; 4 E. D. Smith, 218; 3 Dana (Ky.), 138. It was not competent to inquire how or in what sense the hearers understood the language; such an inquiry is admissible only when the meaning of the language is ambiguous or doubtful. 36 Barb. 438; 13 Ired. (N. C.) Eq. 142; Towns. Sl. and Lib. pp. 148, 650, secs. 97, 384. Words are presumed to have been understood by hearers in their natural sense; and when it is competent to show that they were understood in a different sense, the burden of so showing is on defendant. Towns. Sl. and Lib. pp. 183, 210; 5 Ill. 30. Under our statute the words are actionable. Mansf. Dig. sec. 1815; 36 Ark. 210; 12 Ark. 626.

2. The damages are not excessive. 4 Vt. 304; 15 Pick. 506; Towns. on Sl. and Lib. pp. 534, 541, secs. 289–293; 1 Suth on Dam. 810–11; 6 Am. Dec. 253; 2 *id.* 244; 1 Burr. 609; 2 Wils. 405; 3 *id.* 60; 2 *id.* 205; 2 W. Bl. 1327; Cowp. 230; 4 T. R. 651; 4 Mass. 1; 2 Johns. 63; 2 Wend. 352; 20 Am. Dec. 616; 36 *id.* 584. When one from ill-will or actual malice slanders another, the jury may assess such damages as they deem just

under all the circumstances. 22 Am. Rep. 306 ; 39 Fed. Rep. 672 ; 6 Am. Rep. 314 ; 34 Md. 128 ; Towns. Sl. and Lib. 131, 138, 538.

HUGHES, J. The appellee sued appellant for slander, and recovered a judgment for $2500, from which this appeal was taken.

The appellant rode up near where the appellee had a place of business, in the city of Hot Springs, and inquired for a harness shop. He was told that George Belding had a harness shop there. He asked, "what Belding?" and was answered, "George Belding." The person who answered him started to go to call Belding, when the appellant said, "Never mind. George Belding is too God damned a thief for me"; and rode off. The complaint charges that the words were false, and that they were spoken maliciously. No special damages are alleged, insisted upon or proven. The answer denied malice, any desire to injure the plaintiff, and the fact of injury, and also denied the use of the language.

The appellant contends that the words were not actionable *per se*, but admits that "if you say of a man, without explanatory words, 'he is a thief,' an action will lie, not because you have accused him of wickedness, but because the word 'thief' unexplained implies the previous commission of the crime of theft." This is exactly the case we have. The words used by the appellant, unexplained, amount to a charge that the appellee had been guilty of larceny, which is an infamous crime. There was no explanation.

1. What words actionable *per se*. The appellant's counsel contends that the words used ought not to be understood as a charge that the plaintiff was a thief, but as indicating that the defendant simply had been guilty of a degree of moral turpitude. There was no qualification of the language used, and the meaning of it, if there was any doubt, was a question for the jury. "Where words are capable of two constructions,

in what sense they were meant is a question of fact to be decided by the jury." Townshend on Slanderd an Libel, sec. 281, pp. 503–504. The words were actionable if published with the intent to charge crime. *Id.* p. 504. " When a party has made a charge that clearly imputes a crime, he cannot afterwards be permitted to say, I did not intend what my words legally imply." *Id.* sec. 139, 84, 90, 91, 92. Shakespeare says : " A jest's prosperity lies in the ear of him who hears it." A general charge of being a thief is actionable, as to call one " a hog thief," " a bloody thief." *Id.* 169. It is also actionable to call one a " damned thief." " If merely fraud, dishonesty, immorality, or vice, be imputed, no action lies without proof of special damage. And even where words of specific import are employed (such as 'thief' or 'traitor), still, if the defendant can satisfy the jury that they were not intended to impute any specific crime, but merely as general terms of abuse, and meant no more than 'rogue' or 'scoundrel,' and were so understood by all who heard the conversation, no action lies." Odgers on Libel and Slander, 60.

Are the damages assessed by the jury excessive ? Where the words spoken are actionable *per se, prima facie* the law implies malice, and the jury can award compensatory damages only, but cannot award exemplary or punitive damages, without proof of express malice. Whether there was express malice, was a question of fact for the jury. Malice may be shown by the defamatory words themselves and the manner of their publication, and need not be proven by extrinsic evidence. The absence of legal excuse for publishing the slander is evidence of malice. Express malice may be inferred from all the circumstances of the case, but it is not to be inferred from the facts alone that the words are false and injurious to the plaintiff, although an implication of malice arises from these facts that will

2. When verdict for damages not excessive.

warrant compensatory damages. Townshend on Slander and Libel, pp. 647, 649, n. 2; *Sexton* v. *Brock*, 15 Ark. 355; *Templeton* v. *Graves*, 59 Wis. 95 (17 N. W. Rep. 672); *Rwy Co*. v. *Bridges*, 86 Ala. 448 (5 So. Rep. 864); *Newman* v. *Stein*, 75 Mich. 402 (42 N. W. Rep. 956); Newell on Defamation, p. 845, n. 9.; Lawson's Rights and Rem. sec. 1302. Where actual ill will or express malice is shown, the jury may give exemplary or vindictive damages, the amount of which it is their province to determine, under proper instructions from the court. Townshend on Slander and Libel, pp. 516, 520 and 521. The verdict of the jury in an action for slander will not be set aside for excessive damages unless there is some suspicion of unfair dealing, or unless the case be such as to furnish evidence of prejudice, partiality or corruption upon the part of the jury. "The case must be very gross and the damages enormous to justify ordering a new trial on a question of damages." *Id*. 554 and n. 5.

No exceptions were saved to any of the instructions given by the circuit court in this case. Finding no reversible error, the judgment is affirmed.