### SMITH *v.* JACKSON.

### Opinion delivered March 25, 1918.

1. APPEAL AND ERROR—INSTRUCTIONS—INFERENCES FROM THE EVIDENCE.—The trial court has no right to point out what inferences may, or should, be drawn from particular facts in proof, or the weight to be given to particular testimony.

2. FRAUDULENT CONVEYANCES—ACT OF EMBARRASSED DEBTOR—INSTRUCTION.—It is error to instruct the jury that a transfer of property by an embarrassed debtor to a member of his family is to be looked at with suspicion; such an instruction is upon the weight of the evidence.

Appeal from Lafayette Circuit Court; *George R. Haynie*, Judge; reversed.

*R. L. Montgomery* and *W. H. Arnold,* for appellant.

The instruction given by the court was not based upon the evidence. Nor is it the law. It was misleading and prejudicial. 59 Ark. 417; 37 *Id.* 333; *Ib.* 593; *Ib.* 580; 90 *Id.* 78; 90 *Id.* 278, 378; 80 *Id.* 260; 101 *Id.* 548; 70 *Id.* 441; 74 *Id.* 19; 71 *Id.* 518; 69 *Id.* 380; 78 *Id.* 177; 41 *Id.* 382; 58 *Id.* 324; 125 *Id.* 260.

*Searcy & Parks,* for appellee.

1.  There is no error in the instruction. It states the law. 100 Ark. 336.

2.  The verdict is supported by the evidence. It was purely a question of fact. The sale was bogus and there was collusion.

SMITH, J. The issue tried in the court below was whether an alleged sale of certain personal property made by Paul Smith to his brother, Sidney Smith, was made in fraud of Paul Smith's creditors. It was insisted that if such a sale had been made that it was fraudulent, and therefore void. As bearing upon that question, counsel for Sidney Smith, who was the plaintiff in an action in replevin brought to recover the possession of the property in question, asked the court to charge that fraud is never presumed but must be proved, whereupon the court charged the jury as follows:

"Gentlemen, under the law, as Mr. Montgomery has stated, fraud is never presumed but it must be proved by the party alleging fraud. The court will also say that under the law the transfer of property from one relative to another near relative at a time when the party who transfers property is involved in debts, or there are judgments or executions against him, then the law looks upon such transfers with suspicion, and the testimony must show that the sale was good and genuine, without any spirit or effort to defraud the judgment creditors. That is a question for the jury to find from the evidence in this case."

An exception was saved to that portion of the charge not given at counsel's request. The issue was found against Smith and he has prosecuted this appeal.

We think the court erred in giving this instruction. It is defended upon the ground that this court has approved the law as announced in this instruction. So it has, but the language was used either in cases where the court was passing on a chancellor's finding of fact or where the court was discussing the question of the sufficiency of testimony. In doing either, this court may employ, and does frequently employ, language which may not properly be incorporated into the form of an instruction to a jury, for in that form it would be a charge upon the weight of the testimony, and therefore improper. The trial court has no right to point out what inferences may, or should, be drawn from particular facts in proof, or the weight to give any particular testimony. *Mitchell* v. *State,* 125 Ark. 260, and cases there cited.

The instruction was erroneous for the reasons stated, and for the error in giving it the judgment will be reversed and the cause will be remanded for a new trial.