## THIEL *v.* DOVE.

5-1635                                        317 S. W. 2d 121

Opinion delivered November 3, 1958.

*W. B. Howard, Claude Cooper, John H. Bradley,* Kennett, Mo., for appellant.

*Howard A. Mayes,* for appellee.

GEORGE ROSE SMITH, J.   This action for slander was brought by the appellee, Virginia Dove, who asserts that the appellant, George Edward Thiel, falsely accused her of adultery.   The jury awarded the plaintiff $14.00

as compensatory damages and $1,400.00 as punitive damages. The appellant questions the sufficiency of the evidence and the correctness of the court's instructions to the jury.

Thiel, who was the municipal judge at Paragould, was standing on the sidewalk across the street from the Reynolds Apartments at about 9:30 on the evening of July 24, 1957. He says that in one of the apartments he saw a city policeman, Jimmy Rogers, clad only in an undershirt, and a nude woman whom he did not recognize and, in fact, has never attempted to identify. The two disappeared from view, but Thiel observed enough of their conduct to indicate that an act of sexual intercourse took place.

On the same evening, according to the evidence, Thiel met two policemen and told them what he had seen. He also went to the home of an alderman and, in describing the incident, identified the window of the apartment as having been the first one to the left of the stairway in the building. The next day the mayor heard about the matter and discussed it with Thiel.

No formal charge appears to have been made against Rogers, the officer involved, but the city's Police Committee met on July 26 and investigated the matter to some extent. Five days later the city council held a public hearing, which was well attended, to determine if Rogers should be suspended or discharged. Thiel appeared at both these meetings, by request but without subpoena, and again described what he had seen in the apartment to the left of the stairway.

The apartment in question was occupied by the plaintiff, Mrs. Dove, and her husband. Their testimony, which is amply corroborated, is that on the evening of July 24 two other tenants in the building, Miss Potter and Miss Berry, dropped in to watch television. Nothing of an unusual or indecent nature took place. Rogers testified that he had never been in the Reynolds Apartments at night and had never been in the plaintiff's apartment at all. The jury evidently accepted the testi-

mony offered by the plaintiff and concluded that the defendant's narrative was false.

The appellant first contends that his words did not amount to a defamation of Mrs. Dove, since he did not name her as the woman he saw and did not even know that she lived in the particular apartment. This argument is not sound. It is enough that the slanderous words be reasonably understood to refer to an ascertained or ascertainable person, who, of course, must be the plaintiff. Nowell, Slander and Libel (4th Ed.), § 214. Inasmuch as Thiel identified the man as Jimmy Rogers and fixed the place as the apartment occupied only by Mrs. Dove and her husband, the statements strongly imply, and would reasonably be taken to mean, that Mrs. Dove was in fact the unidentified woman supposedly seen by the appellant.

Upon the theory that Thiel's statements before the Police Committee and at the city council's public hearing were absolutely privileged, counsel for the defense asked the trial court to instruct the jury that there could be no liability for those statements. That request was properly refused. The committee and the council were discharging a public duty in inquiring into Rogers' fitness to act as a policeman, and in the public interest it was desirable that they have as much information as possible about the incident. Consequently it is true that statements taken at the hearings were privileged, but the privilege was conditional rather than absolute. Rest., Torts, § 598.

The rule governing the limited immunity that attends a conditional privilege has been stated as follows: "One who publishes false and defamatory matter of another upon a conditionally privileged occasion is liable to the other if he abuses the occasion." Rest., Torts, § 599; *Bohlinger* v. *Germania Life Ins. Co.*, 100 Ark. 477, 140 S. W. 257, 36 LRANS 449, Ann. Cas. 1913C, 613. It is an abuse of the occasion for one to make a defamatory statement that he knows to be untrue. Rest., § 600. Here, as we have seen, the jury

604

were warranted in finding that the statements at the hearings were made with knowledge of their falsity.

A conditionally privileged occasion is also abused if the speaker is motivated by malice rather than by the public interest that calls the privilege into being. Rest., § 603; *Miller* v. *Nuckolls*, 77 Ark. 64, 91 S. W. 759, 113 A. S. R. 122, 4 LRANS 149. We think the proof made the existence of malice a question for the jury. "Malice may be shown by the defamatory words themselves and the manner of their publication, and need not be proved by extrinsic evidence. The absence of legal excuse for publishing the slander is evidence of malice." *Gaines* v. *Belding*, 56 Ark. 100, 19 S. W. 236. It may be conceded that if Thiel did not know who lived in the apartment next to the stairway his statements were not consciously motivated by ill will toward Mrs. Dove in particular. But the proof supports a finding that Thiel acted at his peril in designating the apartment and displayed such a conscious indifference to results that his conduct could be regarded as willfully wrong. *Greer* v. *White,* 90 Ark. 117, 118 S. W. 258. What we have already said on the issue of malice makes it unnecessary to discuss the contention that the evidence of malice is insufficient to support an award of punitive damages.

Finally, it is insisted that the court erred in giving an instruction which reads in part: "You are instructed that malice may be inferred from the falsity and the absence of probable cause or other relevant circumstances, or it may be deduced from the libel or slander itself of which it forms a part." It is argued that under our previous decisions this instruction constituted a comment upon the weight of the evidence.

This contention must be sustained. The manner in which the trial court may call certain facts to the jury's attention has been pretty clearly outlined by a number of decisions, many of which deal with the fact of possession of recently stolen property as constituting sufficient proof of guilt. On the one hand, it is permissible for the court to instruct the jury that a certain fact,

such as the possession of recently stolen goods, goes to the jury for its consideration in connection with the other evidence as tending to show the guilt of the accused. See *Blankenship* v. *State,* 55 Ark. 244, 18 S. W. 54; *Sons* v. *State,* 116 Ark. 357, 172 S. W. 1029; *Barron* v. *State,* 155 Ark. 80, 244 S. W. 331.

On the other hand, it is clearly improper for the court to tell the jury that a specific fact in evidence is sufficient to support an inference of guilt, negligence, or the like. *Blankenship* v. *State, supra; Smith* v. *Jackson,* 133 Ark. 334, 202 S. W. 227; *Coca-Cola Bottling Co. of Southeast Arkansas* v. *Bell,* 194 Ark. 671, 109 S. W. 2d 115. It is for the jury to say whether the particular inference *should* be drawn from all the proof in the case, and consequently the court comments on the weight of the evidence when it declares that a certain inference *may* be drawn from a specific fact.

In the case at bar the court instructed the jury, at least in general language if not by reference to a specific fact, that malice may be inferred from the falsity of the statements and the absence of probable cause. In applying this charge to the proof before them the jury would necessarily understand that a finding of falsity and of the want of probable cause was, in the court's judgment, a permissible basis for inferring the existence of malice. Hence, even though the charge was couched in general language it conveyed the same message that would have been carried by a specific narration of the facts.

The case of *L. B. Price Merc. Co.* v. *Cuilla,* 100 Ark. 316, 141 S. W. 194, is directly in point. That was a suit for malicious prosecution, and the court instructed the jury that malice might be inferred from the want of probable cause. In holding the charge erroneous we said: ''This amounted to an instruction on the weight of the evidence, for it was equivalent to saying to the jury that a finding of want of probable cause was sufficient to justify a finding of malice. Now, a trial jury in a case of this sort may or may not, according to the circumstances of the case, draw an inference of malice

from a want of probable cause. It is a mere inference of fact and not presumption of law; and as the jury are not bound to draw such an inference as a matter of law, it amounts to an instruction on the weight of the evidence to tell them what facts are of sufficient weight to warrant the inference." To the same effect is *Kable* v. *Carey,* 135 Ark. 137, 204 S. W. 748, 12 A. L. R. 1227.

Reversed.