ROSE MARIE McCLAIN v. GLENN ANDERSON
and
ROSE MARIE McCLAIN v. BILL J. SHORT

5-4856 and 5-4857                                   439 S.W. 2d 296

Opinion Delivered April 14, 1969

*Carl M. Harness* for appellants.

*Putman, Davis & Bassett* for appellees.

LYLE BROWN, Justice.    These are two separate slander actions instituted by Rose Marie McClain, appellant here, against appellees Glenn Anderson and Bill J. Short.    The actions were consolidated on appeal. Appellant was a teacher and appellees were members of her school board.    The allegedly slanderous remarks were made during the course of a meeting between the school board and appellant.    The trial court granted appellees' motions for summary judgment on the grounds that the remarks in question were at least conditionally privileged and would require a showing of

malice as a basis for recovery; and that there was no evidence from which a jury could find malice. Appellant contends that any privilege which existed is shown by the record to have been abused and sufficiently to make a jury question.

In ascertaining whether there is a genuine issue as to any material fact we view the proof in the same light as if it were a motion for a directed verdict. *Russell* v. *City of Rogers*, 236 Ark. 713, 368 S.W. 2d 89 (1963). The deposition of Mrs. McClain was considered by the trial court and we summarize the essential contents in the light most favorable to her:

She is a graduate of the University of Arkansas and her five years teaching experience has been at Greenland, Washington County. She was discharged about April 15, 1967, and consequently missed the salary checks ordinarily due under her contract for the following three months. Superintendent Watson, Mr. McClain, and the members of the school board were present at the special meeting called for the purpose of giving appellant a hearing. There the superintendent made the statement that she was being discharged; and there followed a general discussion. Appellee Short stated Mrs. McClain had entered the superintendent's office under false pretenses and read the minutes of the previous board meeting. Appellee Anderson stated that appellant could not take orders and also caused dissension and uproar among the teachers. Both men appeared to be angry and upset when they made those statements. Sometime prior to April 15 appellant asked the superintendent to permit her to read the minutes of the previous board meeting. He refused but he discussed with her the contents of the minutes insofar as they related to her. Subsequently and at a time when the superintendent was out of town, she went to his office and asked the secretary's permission to use the telephone in Watson's private office. While using the telephone she noticed the minute book on a table and read the minutes

made of the March meeting. She subsequently discussed the contents with some of the teachers. It was not uncommon for teachers to read the minutes when a question of policy arose. The teachers often used the superintendent's telephone and Mrs. McClain stated that was her real reason for entry at the time mentioned. At the board meeting she asked to express her opinion as to her conduct. She concluded from the mannerisms of the board members that they did not care to hear from her. The tempers of the board members flared, as well as her own.

Other matters before the trial court on the motions for summary judgment were the pleadings in the case and the deposition of Bill Watson, the superintendent. The complaints alleged the statements of Short and Anderson to have been false and spoken with malice; and that they were uttered with the intent of impeaching Mrs. McClain's professional reputation and to expose her to public ridicule. She alleged compensatory and punitive damages. General denials were entered by both defendants; and thereafter each moved for summary judgment. The latter motions asserted that their statements were made during a regular meeting of the school board and were absolutely privileged, and further alleged that the statements as a matter of law did not contain slanderous words.

Superintendent Watson testified that he recommended appellant's discharge on grounds of insubordination and creating dissension among the teachers. He said the first charge was based on her having read the school board minutes after being instructed to the contrary; and the latter charge arose from appellant's revelation of the minutes to other teachers. It is evident that the superintendent discussed his information with the board members prior to the meeting. That fact gave rise to the statements made to Mrs. McClain by appellees. Watson conceded that the statements were made to Mrs. McClain in answer to her inquiry about the reasons for her discharge.

We agree with the trial court that the statements of the board members were conditionally privileged. They were discharging a public duty in a meeting to discuss reported incidents of misconduct by Mrs. McClain. The reported incidents were germane to a decision on the renewal of her teaching contract. The same setting is found in the facts of *Thiel* v. *Dove*, 229 Ark. 601, 317 S.W. 2d 121 (1958). *Thiel* points out that it is a condition of the privilege that a defamatory statement should not be made by one who knows it to be untrue; also, a speaker who is motivated by malice rather than by the public interest that calls the privilege into being loses the privilege. The privilege can also be lost if the speaker goes beyond what the occasion requires. *Bohlinger* v. *Germania Life Ins. Co.*, 100 Ark. 477, 140 S.W. 257 (1911) We must examine the depositions in light of those stated principles, resolving all reasonable inferences in favor of Mrs. McClain.

It certainly cannot be said of appellees that they made statements known by them to have been false. Mrs. McClain concededly entered the superintendent's private office in his absence; her stated purpose was to use the telephone; and she read the minutes notwithstanding Mr. Watson's orders to the contrary. It was not unreasonable for Mr. Short to conclude that she entered the office under a pretense of using the telephone. Mr. Anderson allegedly stated that Mrs. McClain could not take orders. The only conclusion we can reach from the evidence is that he was referring to her violation of the superintendent's direction not to examine the minutes. Anderson is said to have further stated that she "caused dissension and uproar among the teachers." Mrs. McClain conceded that she discussed the contents of the minute book in the teachers' lounge with other teachers and the record amply supports resulting dissension.

Whether the statements attributed to appellees were true in all respects is not controlling. It is not disputed

that the information they repeated had been conveyed to them in their capacities as school board members. Even had their informants been actuated by malice, such fact would not evidence that the board members were acting with malice. Odgers, Libel and Slander, 6th Ed., p. 282 (1929). If it be conceded that appellees showed indignation at the alleged misconduct, that fact would not be evidence that they were acting from spite or ill will. Rest., Torts, § 603 a (1938). The most that the record discloses is that Mrs. McClain disobeyed the order of the superintendent and read the minutes of the last board meeting. With the information there obtained she discussed personnel matters with other teachers and sufficient discord resulted to justify a special board meeting. The subject of that meeting was the alleged misconduct of appellant. Having given credence to the information they possessed, appellees adopted it in substance and repeated it as their opinion. The assertions having been made on a conditionally privileged occasion, appellant must then assume the burden of proving the occasion was abused. Rest., § 613 (1) (g), f.; Prosser, Torts 3d Ed. HB, p. 823.

Finally it is argued that malice should be inferred because Superintendent Watson denied appellant her rights under the Freedom of Information Act. Ark. Stat. Ann. §§ 12-2801-2807 (Repl. 1968). Assuming that the incident showed malice on the part of Watson, that assumption would not, as pointed out by Odgers, be evidence that the board members acted with malice.

When we consider the matter-of-fact statements alleged are shown to have been based on substantial facts, coupled with a showing of conditional privilege, we hold it then became incumbent on appellant to come forward with evidence of malice. The trial court held she failed in that respect and we agree.

Affirmed.