Gerald BAKER et al *v.* Frank MANN et al

82-64                                                              634 S.W.2d 125

Supreme Court of Arkansas
Opinion delivered June 7, 1982

*E. Alvin Schay,* for appellants.

*Michael Rainwater* of *Gill, Skokos, Simpson, Buford & Owen,* for appellees.

GEORGE ROSE SMITH, Justice. This action for libel was brought by the four appellants — a former police chief and

three former part-time police officers of the city of Shannon Hills. All four of the plaintiffs had left the city's employment by January 1, 1981. The six defendants — the mayor and five of the six members of the city council — are essentially the incoming city administration that took office on that date. At the close of the plaintiffs' case the trial judge directed a verdict for the defendants on the ground that they were immune from liability. The judgment recites that the court found no substantial evidence to support the plaintiffs' allegations.

The assertion of libel is based upon a letter sent by the six defendants to the prosecuting attorney on February 20, 1981. We quote the body of the letter:

We, the undersigned city council members of Shannon Hills, Saline County, Arkansas, respectfully request you order a state police investigation of the following conditions at Shannon Hills, Arkansas:

1.  Missing public records, specifically police records, have been removed from the files. Records which former Police Chief Willie Gerald Baker had previously shown to present council members and Mayor Max Foster, are no longer in the file. They were removed before the present administration assumed office on January 1, 1981.

2.  Attorney John Hall of Little Rock, alleges that over 100 guns and other weapons were confiscated by the former police department. If these allegations are correct, all of these weapons are missing.

3.  Numerous and sundry reports of confiscation of illegal drugs and drug paraphernalia by the late police department have been authenticated, specifically noted in the city court records. No record of disposition of those drugs and paraphernalia is on hand. Former Police Chief Baker has alleged that the drugs were "flushed down the toilet," however, other knowledgeable individuals have indicated that such was not the case. Under either condition, the drugs and paraphernalia were not disposed of as prescribed by state law.

4.  Many "hard copy" of tickets are on hand in the

file, and in some cases both copies of the ticket were on hand. Since the "hard copy" should be given to the offender, the presence of this copy in the file could well indicate mishandling of bond and fine monies.

5. Missing police equipment is obvious. Vouchers for purchase of equipment are on hand, but the equipment is missing.

6. Informal contact with two former members of the police department revealed a willingness on their part to turn state's evidence and/or cooperate with state police officials to resolve the problems.

In view of item 6, expedient action to conduct a thorough investigation of these allegations is essential to the health and welfare of all the citizens of Shannon Hills, especially the aforementioned members of the police force.

The letter is signed by Max Foster as mayor and by the others as aldermen.

Gerald Baker was police chief from August 1979 until January 1, 1981. The other three plaintiffs each worked for from five to fourteen months as part-time policemen. No one testified about the size of the police force; so it is impossible to determine how many other policemen were formerly employed in the department. Each of the four plaintiffs testified that he himself had not been guilty of any wrongdoing. They did not deny that some records and equipment might be missing. Baker said that he had flushed cocaine down the commode, but he had made a record of it in a folder that was in the files when he last saw it. The plaintiffs said that only a few guns had been confiscated, not as many as ten.

We hold that in the circumstances the letter was conditionally privileged. It was sent by public officers to another public officer, the prosecuting attorney, and pertained to public property and to the conduct of former public employees. In *McClain v. Anderson*, 246 Ark. 638, 439 S.W.2d 296 (1969), we held that school board members were conditionally privileged in discussing the conduct of a school teacher, at a meeting at which her discharge was

being considered. In *Thiel* v. *Dove,* 229 Ark. 601, 317 S.W.2d 121 (1958), we held that a witness to a city policeman's asserted misconduct was conditionally privileged in testifying about the matter during the city police committee's investigation and at a public city council hearing. We noted in *Thiel* that "the committee and the council were discharging a public duty in inquiring into Rogers' fitness to act as a policeman, and in the public interest it was desirable that they have as much information as possible about the incident."

In the present case the mayor and aldermen were discharging a public duty in asking the prosecuting attorney to initiate an investigation of former public employees' possible mishandling of public records, public property, and public funds. We do not see that it makes any difference that the letter was taken around by one alderman for the others' signatures instead of being signed at a council meeting. In either situation the defendants were acting in the public interest.

Both *McClain* and *Thiel* state that a conditional privilege is lost if a defamatory statement is made by one who knows it to be untrue or who is motivated by malice rather than by the public interest that created the privilege. Here neither basis for the loss of the privilege was established by the plaintiffs' proof. Hardly any statement in the letter is actually shown to have been untrue. Each plaintiff testified primarily about his own conduct, not that of others. Records and equipment were in fact missing. Drugs and drug paraphernalia had in fact been destroyed. Hard copies of tickets were in fact on hand. It is not shown whether Hall did or did not make the statement about 100 guns. Moreover, even if falsity could arguably be said to have been established, there is no showing that the six defendants knew any of the statements to be untrue.

Nor is it shown that the sending of the letter was actuated by malice. Except for the reference to Baker, which was true, the letter did not name anyone. If the mayor and aldermen believed, as they apparently did, that an investigation was appropriate, their communication to the prose-

cuting attorney could not have served its purpose without some description of the areas to be inquired into. We find no substantial evidence that would have justified the jury in concluding that the six defendants were motivated by actual malice in sending the letter.

Affirmed.