The Honorable David Dunn State Representative Post Office Box 208 Forrest City, Arkansas 72336-0208
Dear Representative Dunn:
I am writing in response to your request for an opinion on the following three questions:
 An e-mail was sent from an alderman to the deputy prosecuting attorney containing suspicions of wrong doing committed by the mayor. A copy of that e-mail was subsequently obtained by the mayor even though it contained a confidentiality notice.
 1) By the mayor simply having a copy of the e-mail does this automatically make it a public document subject to the FOIA?
 2) Should this document be turned over to the custodian of the records, in this case the city clerk/treasurer for determination of its status?
 3) If this is a public document, would it be permissible to reproduce it and publish it in print and on television without including the entire text of the e-mail? Additionally, can it legally be re-typed onto a public access channel without reproducing the original in its entirety verbatim? *Page 2 
 RESPONSE
In my opinion the answer to your first question is "not necessarily." Mere possession of a document by a public official does not make it a public record subject to inspection and copying under the FOIA. In my opinion the answer to your second question depends upon several factors, including whether the city clerk/treasurer is in fact the custodian of this particular document and whether an FOIA request has been made for the document. I cannot answer your third question in the absence of all the relevant facts. In addition, I cannot advise private parties as to their potential liability for publication or dissemination of the letter or portions of the letter in question.
Question 1 — By the mayor simply having a copy of the e-mail does thisautomatically make it a public document subject to FOIA?
In my opinion the answer to this question is "not necessarily." For a record to be subject to inspection and copying under the Arkansas Freedom of Information Act ("FOIA," codified at A.C.A. § 25-19-101
— 109 (Repl. 2002 and Supp. 2007), it must be: 1) possessed by an entity covered by the Act; 2) fall within the Act's definition of a "public record;" and 3) not be exempted by the Act or other statutes.Nabholz Construction Corporation v. Contractors for Public ProtectionAssociation (Ark.Sup.Ct. No. 07-843, November 1, 2007). Possession of a document alone, therefore, does not make it a public document, available for inspection under the FOIA. See also, Pulaski County v.Arkansas Democrat-Gazette, Inc. (Ark.Sup. Ct No. 07-669, July 20, 2007) (citing Griffis v. Pinal County, 215 Ariz. 1, 152 P.3d 418 (2007) for the proposition that mere possession of a document by a public official does not make that document a public record).
The mayor, as a government official, is an "entity covered by the act." See Nabholz, supra and A.C.A. § 25-19-103(5)(A) (defining "public records" as records "required by law to be kept or otherwise kept," and stating that "all records maintained in public offices or by public employees within the scope of their employment [are] presumed to be public records"). See also, Op. Att'y Gen. 2000-220 (letter received and kept at alderman's personal residence was nonetheless subject to the FOIA if it met the definition of a public record and was not exempt) andBradford v. Director, 83 Ark. App. 332, 128 S.W.3d 20 (2003) (e-mails transmitted between a state employee and the Governor that involved the public's business are subject to public access under the Freedom of Information Act, whether transmitted to *Page 3 
private email addresses through private internet providers, or sent to an official government email address).
The question of whether the document you describe is open to inspection and copying under the FOIA, however, will also depend upon whether it falls within the definition of a public record under the FOIA, and upon whether any pertinent exemption shields it from review.
With regard to whether the document falls within the definition of a "public record," this inquiry will depend upon the content of the document and whether it "reflects the performance or lack of performance of official functions that are or should be carried out by a public official or employee. . . ." See A.C.A. § 25-19-103(5)(A) (Supp. 2007) and Pulaski County v. Arkansas Democrat-Gazette, Inc. (Ark.Sup. Ct No. 07-669, July 20, 2007) (the issue of whether a document falls within the definition of public records is dependent upon its content and the inquiry is fact-specific). I am not a fact-finder in the issuance of Attorney General opinions and thus cannot determine whether the document in question meets the definition of a "public record."
The last variable mentioned above is whether any applicable exemption would shield the document from view. Because the document in question was addressed to a deputy prosecuting attorney, a question arises as to the possible applicability of at least one exemption. Section25-19-105(b)(6) shields "[u]ndisclosed investigations by law enforcement agencies of suspected criminal activity." This exemption has been construed to apply to investigations that are "ongoing." See Martin vMusteen, 303 Ark. 656, 799 S.W.2d 540 (1990). The question of whether this exemption applies is largely one of fact. See, e.g., Op. Att'y Gen.2001-123. If applicable, however, it will shield documents in the hands of law enforcement agencies as well as other governmental officials or employees who possess the record. Id. See also, Ops. Att'y Gen.2006-094; 98-127 and 91-100.
In response to your first question therefore, mere possession of the document by the mayor does not alone make it subject to inspection and copying under the FOIA. *Page 4 
 Question 2 — Should this document be turned over to the custodian ofthe records, in this case the city clerk/treasurer for determination ofits status?
The answer to this question depends, in my opinion, upon several factors, including whether the city clerk/treasurer is in fact the "custodian" of this particular record, and whether an FOIA request has been made for the document.
First, your question appears to assume that the city clerk/treasurer is the "custodian" of the document in question. "Custodian, with respect to any public record, means the person having administrativecontrol of that record." A.C.A. § 25-19-103(1)(A) (Supp 2007) (emphasis added). As stated in Fox v. Perroni, 358 Ark. 251, 188 S.W.2d 881
(2004), the FOIA does not define the term "administrative control."Id. at 260. The court in Fox approved the following characterization of the term by the trial court: " . . . one who has administrative control is that public official or employee who is charged with the responsibility to manage or execute the public affairs or conduct of their office, department or agency." Id. at 263. In Fox, the Arkansas Supreme Court held that a circuit judge was the "public official charged with the responsibility of managing the affairs and conduct of his office" and thus was the custodian of a check written by his law clerk.Fox v. Perroni, 358 Ark. 251, 188 S.W.3d 881 (2004). Id. at 263.
There may be a question presented in this instance as to whether the mayor or the city clerk/treasurer is actually the custodian of the document in question. One of my predecessors has previously opined that "state law does not grant the city clerk the authority to be the sole custodian of city records." Op. Att'y Gen. 95-327. See also, Ops. Att'y Gen. Nos. 1995-170 and 91-135. Local ordinances regarding custody of city records and factual issues surrounding creation of this particular record may bear upon the question.
Second, you do not state that an FOIA request has been made for the document in question. In my opinion, in the absence of any such request, no affirmative duty arises requiring the mayor to transfer or surrender possession of the document to the custodian. Arkansas case law reflects the fact that public records need not always be in possession of the custodian thereof. As stated in Fox v. Perroni, 358 Ark. 251,188 S.W.2d 881 (2004), "the FOIA's definition of `public record' does not require that the custodian be the person who actually keeps the document, nor does it say that the custodian must be required to keep the document."Id. at 257. In addition, my predecessor has stated that "[t]he act . . . contemplates that the *Page 5 custodian will locate records upon receipt of a FOIA request." Op. Att'y Gen. 2005-139 at 4 (emphasis original), citing A.C.A. §25-19-105(a)(1)(A) and (2) (Supp. 2003). In the absence of such a request, however, and in the absence of a determination that the city clerk/treasurer is the proper custodian, I cannot conclude that the mayor is bound to transfer the document to the city clerk/treasurer.
If an FOIA request has been made for the record, the proper custodian must be determined. That person will have the responsibility of determining whether, or to what extent, the record is a "public record," and/or whether it is exempt from disclosure. See again, Op. Att'y Gen.2005-139. Again, the deputy prosecuting attorney is also presumably in possession of the original of the same document, and should perhaps be consulted as to whether the "law enforcement investigation" exemption is applicable. See again, A.C.A. § 25-19-105(b)(6).
Question 3 — If this is a public document, would it be permissible toreproduce it and publish it in print and on television without includingthe entire text of the e-mail? Additionally, can it legally be re-typedonto a public access channel without reproducing the original message inits entirety verbatim?
I cannot answer this question absent all the relevant facts. Your third question does not involve the Freedom of Information Act. The FOIA addresses the availability of public records, not their later publication or dissemination. The latter activities may implicate the laws regarding libel or slander. I cannot, in the context of an official Attorney General opinion, advise private parties as to their potential liability in this regard. I will merely note that the Arkansas Supreme Court has addressed similar documents in the context of libel actions.See, e.g., Baker v. Mann, 276 Ark. 278, 634 S.W.2d 125 (1982) (new mayor and city council members who wrote letter to prosecuting attorney complaining of misconduct by outgoing police chief and former part-time police officers were immune from liability for libel for creation of the letter because letter was "conditionally privileged," where letter was written from public officers to another public officer and where it pertained to public property and the conduct of former public employees — i.e., where letter was written in the discharge of a public duty). *Page 6 
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL
 Attorney General *Page 1